**FORD, Appellant,**

v.

**OHIO DEPARTMENT OF NATURAL RESOURCES et al., Appellees.**

[Cite as *Ford v. Ohio Dept. of Natural Resources* (1990), 67 Ohio App.3d 755.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP-70.

Decided May 24, 1990.

*Jonathan J. Downes* and *Marc A. Fishel,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Laurel D. Plum* and *Angela G. Phelps–White,* for appellees.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Mark Ford, appellant, from a judgment of the Franklin County Court of Common Pleas in favor of appellees Ohio Department of Natural Resources ("ODNR") and the Ohio Department of Administrative Services ("DAS"). In seeking to be reclassified from his ODNR position as an Equipment Maintenance Superintendent II, appellant requested DAS to conduct a job audit. Thereafter, DAS issued a decision that appellant was properly classified. Appellant appealed this decision to the State Personnel Board of Review ("board"). The hearing officer considered several classifications such as Equipment Maintenance Superintendent I, Equipment Maintenance Superintendent II, Equipment Maintenance Superintendent III, Natural Resources Coordinator I, and Equipment Maintenance Administrator. In her report, the hearing officer concluded that while none of the job classifications presented a perfect match to appellant's job duties, the classification of Equipment Maintenance Administrator, which took into account appellant's budgeting and purchasing responsi-

bilities, was the most accurate match. The hearing officer recommended that appellant be reclassified accordingly. Appellees filed objections to the hearing officer's report and the board held a hearing to review the hearing officer's report and recommendation. The board rejected the report and recommendation of the hearing officer on the basis that the Equipment Maintenance Administrator was a "department" level position whereas appellant's job duties involved "division" level work. Subsequently, appellant filed an appeal with the Franklin County Court of Common Pleas which rendered a judgment affirming the board's decision. Appellant now asserts on appeal the following two assignments of error:

"Assignment of Error No. 1

"The trial court erred as a matter of law when it affirmed the order of the State Personnel Board of Review.

"Assignment of Error No. 2

"The hearing officer's conclusion that appellant should be reclassified as an Equipment Maintenance Administrator was the proper conclusion and, therefore, the decision of the State Personnel Board of Review shgould [*sic*] be reversed."

█ Since appellant's assignments of error are interrelated, they will be addressed simultaneously. Pursuant to R.C. 119.12, a common pleas court must affirm the order of the board if the order is supported by reliable, probative and substantial evidence. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1268. The scope of this court's review is whether the common pleas court abused its discretion in applying the R.C. 119.12 standard of review.

Pursuant to R.C. 124.14, the board is empowered with the responsibility of determining job reclassifications. R.C. 124.14 provides, in pertinent part:

" * * * Upon the request of any classified employee who is not serving in a probationary period, the director shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified. The director shall give to the employee affected and to his appointing authority a written notice of the director's determination whether or not to reclassify the position or to reassign the employee to another classification. An employee or appointing authority desiring a hearing shall file a written request therefor with the state personnel board of review within thirty days after receiving the notice. * * * After the hearing, the board shall consider anew the reclassification and may order the reclassifi-

cation of the employee and require the director to assign him to such appropriate classification as the facts and evidence warrant. * * * "

Ohio Adm.Code 124–7–03(C) provides:

"The board shall compare the duties performed by the incumbent employee to the appropriate specifications and determine the classification which most appropriately describes the duties performed in the affected position."

 In order to decide whether the board has conducted a proper review for reclassification purposes, two requirements must be met: First, the record must reflect that the board compared the relevant class specifications with the duties actually performed. *Gordon v. Ohio Dept. of Adm. Serv.* (Mar. 31, 1988), Franklin App. No. 86AP–1022, unreported, 1988 WL 37094. This comparative review requires an examination in each case of both the actual duties performed, a qualitative factor, and the time spent performing those duties, a quantitative factor. *Smock v. Ferguson* (Dec. 17, 1981), Franklin App. No. 81AP–677, unreported, 1981 WL 3684. Second, if the board decides that certain job-related factors are of paramount importance, there must be substantial evidence in the record which supports that decision. *Gordon, supra,* at 5.

The practical effect of this two-tiered approach will not stop short of a stringent comparative review of the employee's job functions within a particular classification, but will also encompass qualitative and quantitative considerations which may distinguish one employee's job responsibilities from another since certain job descriptions may not exactly match any one specific job classification.

 In applying this two-tiered review to the matter herein, there is nothing in the record to dispute that appellant's job duties, although not perfectly matched, are mostly aligned with the job classification of Equipment Maintenance Administrator. In analyzing the appellant's job responsibilities from the perspective of qualitative and quantitative considerations, it is apparent from the evidence that a high percentage of appellant's time spent on the job is engaged in tasks performing budgeting and purchasing functions. These functions, in addition to the fact that appellant's position excludes any supervision of persons in lower level job classifications, is most similar to the job classifications as set forth in the description for an Equipment Maintenance Administrator. However, in its opinion, the only reason the board gave for denying reclassification was as follows:

" * * * Both Equipment Maintenance Administrator and Equipment Maintenance Superintendent are *Department* supervisory positions. The evidence is conclusive that Appellant is a *Division* level Supervisor."

However, the appellant is currently classified as an Equipment Maintenance Superintendent II, which the board purports is a department level supervisory position, yet denies appellant a reclassification to Equipment Maintenance Superintendent on the basis that he is a "division" supervisor.

According to this court's reasoning in *Gordon,* if the board decides that certain job-related factors are of paramount importance to the classification in a particular department, there must be substantial evidence in the record which supports that decision. *Gordon, supra.* The board, upheld by the trial court, relied upon the distinction that appellant's job responsibilities were performed at the division level, whereas the classification of Equipment Maintenance Administrator was a department level position. Yet, the board ordered that appellant was properly classified as an Equipment Maintenance Superintendent II, purportedly also a department supervisory position, but denied appellant a reclassification to Equipment Maintenance Administrator on the basis of a "department level/division level" distinction. However, there is no reliable, probative and substantial evidence to explain why this isolated factor, the department level/division level distinction, is of paramount importance to the classification herein.

The board did not dispute the hearing officer's conclusion that appellant's job duties were most similar to those performed by the Equipment Maintenance Administrator. In its opinion, the board noted that "[t]his is a situation, as stated by the Administrative Law Judge, where 'none of the specifications present a perfect match.' * * * " An employee should be placed in a job classification which most nearly matches his abilities, skills and the tasks to be performed. If an employee could be classified in either of two classifications, he should be placed in the higher of the two. See *Smock, supra.*

Based on the record before this court, appellant could be placed in either his present classification of Equipment Maintenance Superintendent II, or that classification recommended by the hearing officer of Equipment Maintenance Administrator. Since the classification Equipment Maintenance Administrator is the higher position, case law would dictate that appellant be reclassified accordingly. Furthermore, there are no qualitative or quantitative distinctions in the actual performance of appellant's job duties. Since the board indicates in its order that appellant's present classification of Equipment Maintenance Superintendent II is a department level supervisory position, it makes no sense for the board to deny his reclassification to Equipment Maintenance Supervisor on the sole distinction that his job duties are performed at a division level rather than a department level. There is no evidence to support the paramount importance to the classification of the department level/division level distinction. Since the board is required to

assign employees to such appropriate classification as the facts and evidence warrant, the trial court erred in upholding the board's decision since it was not based on reliable, probative and substantial evidence. See R.C. 124.14; Ohio Adm.Code 124–7–03(C).

Accordingly, appellant's first and second assignments of error are well taken and are sustained. The judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

STRAUSBAUGH and MICHAEL A. RUMER, JJ., concur.

MICHAEL A. RUMER, J., of the Allen County Court of Common Pleas, sitting by assignment.