CITY OF COLUMBUS, Appellee,

v.

OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW;
Ohio Bureau of Employment Services, Appellant.

[Cite as *Columbus v. Ohio Unemp. Comp. Bd. of Review* (1993), 91 Ohio App.3d 548.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–459.

Decided Nov. 12, 1993.

*Ronald J. O'Brien,* City Attorney, and *Alan P. Varhus,* Assistant City Attorney, for appellee.

*Lee Fisher,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the Administrator, Ohio Bureau of Employment Services, appellant, from the March 3, 1993 entry of the Franklin County Court of Common Pleas which reversed the decision of the Unemployment Compensation Board of Review and found that the Recreation and Parks Department was entitled to status as a "seasonal employer" pursuant to R.C. 4141.33. Appellant asserts the following assignments of error:

"I. The lower court abused its discretion in holding that appellee's Recreation and Parks Department is a separate legal entity and, concomitantly, a separate 'employer' for R.C. 4141.33 purposes, where the board of review's decision holding the contrary is supported by reliable, probative and substantial evidence and is in accordance with law.

"II. The lower court abused its discretion in holding that the operations and business of appellee's Recreation and Parks Department are substantially all in a seasonal industry according to R.C. 4141.33, where such holding is neither supported by the record evidence nor is in accordance with law."

In February 1990, the city of Columbus, appellee, filed an application for classification as a seasonal employer for its Recreation and Parks Department ("department"). Appellant denied the application. Appellee requested reconsideration of the denial of the application. However, on reconsideration, appellant affirmed the initial determination. Thereafter, appellee appealed to the Unemployment Compensation Board of Review ("board"). Following an evidentiary hearing, the board held as follows: (1) the department is a department of the city of Columbus and is not a separate legal entity; (2) since appellee is the employer, it must be determined if appellee, as a whole, qualifies as a seasonal employer; and (3) the vast majority of the programs and departments of appellee operate on a continuous basis of fifty-two weeks of the year and, therefore, appellee's operations and business are not substantially all in a seasonal industry.

Appellee appealed to the Franklin County Court of Common Pleas, which, in a decision issued February 3, 1993, reversed the decision of the board. The court's decision was journalized on March 3, 1993.

This matter was before the Franklin County Court of Common Pleas on an administrative appeal filed pursuant to R.C. Chapter 4141. R.C. 4141.26(B) sets forth the standard of review to be applied by a common pleas court in hearing appeals from the board and provides as follows:

" * * * The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such, other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

In reviewing the administrative order, the common pleas court generally defers to the administrative resolution of factual issues on which there is conflicting evidence. *Gordon v. Ohio Dept. of Adm. Serv.* (Mar. 31, 1988), Franklin App. No. 86AP–1022, unreported, 1988 WL 37094. On appeal, our review of the common pleas court's decision is further limited to an abuse of discretion standard as to factual issues. *Ford v. Ohio Dept. of Natural Resources* (1990), 67 Ohio App.3d 755, 588 N.E.2d 884. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. *Huffman v. Hair*

*Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1251.

The eligibility requirements for status as a seasonal employer are set forth in R.C. 4141.33(A) as follows:

" 'Seasonal employment' means employment of individuals hired primarily to perform services in an industry which because of climatic conditions or because of the seasonal nature of such industry it is customary to operate only during regularly recurring periods of forty weeks or less in any consecutive fifty-two weeks. 'Seasonal employer' means an employer determined by the administrator of the bureau of employment services to be an employer whose operations and business, with the exception of certain administrative and maintenance operations, are substantially all in a seasonal industry.  * * * "

■    The board determined that the department was not a separate legal entity and that, inasmuch as the employer is the city of Columbus, the board needed to determine if the city of Columbus as a whole qualified as a seasonal employer. Because the vast majority of the programs and departments of the city of Columbus operate continuously for fifty-two weeks of the year, the board concluded that the operations and business of the city of Columbus are not substantially all of a seasonal nature.

On appeal before the common pleas court, the court found that the department qualified as the employer and that eighty-five percent of the full-time employees in the department who are not engaged in maintenance or administration are performing operations which are seasonal in nature.  Therefore, the court held that the department's operations are substantially all in a seasonal industry.

This court finds that the court of common pleas erred and abused its discretion both in determining that the department was the employer and that substantially all of the operations and business of the department are in a seasonal industry. This court has never held that a department, such as the Recreation and Parks Department, constituted an individual employer for purposes of the law concerning seasonal employment or otherwise.  However, even if the common pleas court was correct in finding that the department was the employer for purposes of the statute, this court does not agree with the trial court's finding that substantially all of the business and operations of the department are in a seasonal industry. After reviewing the evidence presented to the board, this court also disagrees with the trial court's utilization of the eighty-five percent figure argued by the department in terms of finding substantially all of the operations and business are in a seasonal industry.  The statute provides that in order to be determined to be a seasonal employer, the operations and business, with the exception of certain administrative and maintenance operations, must be substantially all in a

seasonal industry. In reaching the eighty-five percent figure argued by the department, the department included both full-time and part-time administrative and maintenance employees in the calculation of its numbers. More appropriately, this court finds that when those full-time and part-time administrative and maintenance employees are removed from the figures, approximately sixty percent of the total number of employees in the department are seasonal employees. Broken down further, approximately fifty percent are summer seasonal employees and thirty-three percent are winter seasonal employees. Therefore, even if the trial court was correct in determining that the department was the employer for purposes of the statute, the trial court abused its discretion in calculating the percentage of employees who were seasonal.

As such, appellant's first and second assignments of error are well taken and are sustained.

Based on the foregoing, appellant's first and second assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and PETREE, JJ., concur.