This is an appeal from the judgment of the Court of Common Pleas of Clark County vacating the Ohio Bureau of Employment Services, Board of Review's ("Board") determination that Plaintiff-Appellee Charles Ferrell was an "employer," and thus was liable for a portion of the charges of an employee's unemployment claim.
Steven A. Schetter filed an application for determination of unemployment benefit rights on December 23, 1994. On March 17, 1995, Defendant-Appellant, Administrator at the Ohio Bureau of Employment Services ("OBES"), made an initial determination allowing the application. A benefit year beginning December 18, 1994 was established for Schetter, with his weekly benefits set at $169.00. Potential charges of $987.24 were assessed to Ferrell as a base period employer.
Ferrell filed a timely request for reconsideration of OBES's decision on March 23, 1995. OBES affirmed the initial decision on April 10, 1995. Ferrell appealed the decision to the Board on April 24, 1995. The Board evaluated the issue of whether Schetter was entitled to a valid application for determination of benefit rights with Ferrell as a base period employer. In its decision, mailed January 5, 1996, the Board found that sufficient evidence existed to support OBES's decision. The Board determined that the test for being an independent contractor had not been met, Ferrell was a liable employer, thus Ferrell was a base period employer. Ferrell filed an application to institute a further appeal before the Board on January 25, 1996. The Board disallowed the further appeal in its decision mailed on March 12, 1996.
On April 11, 1996, Ferrell filed his notice of appeal in the Clark County Court of Common Pleas, appealing the Board's decision disallowing him to institute a further appeal. Ferrell submitted his brief on June 10, 1996, and on August 20, 1998, the trial court issued its decision vacating the Board's decision. The trial court found that insufficient evidence existed to support the Board's decision that Schetter was an employee of Ferrell, thus the assessment against Ferrell was vacated. OBES now appeals the trial court's decision in a timely manner.
I.
 The lower court committed reversible error when it vacated the Review Commission's decision that benefit charges were properly charged to Mr. Ferrell's account and not the mutualized account where that decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
In its sole assignment of error, OBES contends that the Board correctly determined that Ferrell was a liable employer, the resulting potential charges were properly assessed to Ferrell, and that the trial court committed reversible error by vacating the Board's decision. However, prior to addressing the substance of this argument, OBES claims that the Clark County Court of Common Pleas did not have subject matter jurisdiction to vacate the Board's determination, as R.C. § 4141.26(D)(2) and (E) grant exclusive appellate jurisdiction to the Franklin County Court of Common Pleas. This contention has merit, and we find that the Clark County Court of Common Pleas did not have subject matter jurisdiction to vacate the Board's decision.
Although not raised at the trial court level by OBES, the Ohio Supreme Court has long held that "[t]he lack of subject-matter jurisdiction is not a waivable defense and may be raised for the first time on appeal." In re Claim of King (1980),62 Ohio St.2d 87, 89, citing Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph six of the syllabus.
Chapter 4141 of the R.C. governs the authority and functions of the board of unemployment compensation. An employer's account, including assessment of contribution rates and liabilities, are controlled by R.C. § 4141.24. R.C. § 4141.26 governs the appeals process for an employer who wishes to contest a contribution rate determination. Specifically, R.C. § 4141.26(D)(2) states that the contribution rate assessed to an employer by OBES shall become binding unless the employer files an application for reconsideration with the Board within thirty days. OBES must examine the application for reconsideration and shall notify the employer of its reconsidered decision within thirty days. Id. At that time, the employer may file an application for review of the reconsidered decision with the Board, who must respond in thirty days. Id. The Board's second review decision becomes final "unless, within thirty days after the mailing of notice of it to the employer's last known address by certified mail, return receipt requested, or, in the absence of mailing, within thirty days after delivery of such notice, an appeal is taken by the employer or the administrator to the court of common pleas ofFranklin county." Id. (Emphasis added.) Additionally, R.C. § 4141.26(E) explicitly states that the appeal provisions in R.C. § 4141.26(D) apply "to all other determinations and orders of the administrator affecting the liability of an employer to pay contributions or the amount of such contributions * * * and exceptions to charges of benefits to an employer's account as provided in division (D) of section 4141.24 of the Revised Code."
Thus, under the statutory administrative review procedures, Ferrell was required to first file a motion to reconsider with the Board, then an appeal with the Board. If Ferrell sought further review, he should have appealed to the Franklin County Court of Common Pleas, as R.C. § 4141.26 grants exclusive jurisdiction to Franklin County. See, Teen Challenge of Greater Cleveland v. OhioBureau of Employment Services (Aug. 23, 1991), Lake App. No. 90-L-15-109, unreported; Silone v. Flory (March 21, 1991), Allen App. No. 1-90-26, unreported; Village of Reminderville v. Admin.,Ohio Bureau of Employment Services (Jan. 25, 1989), Summit App. No. 13545, unreported; Fontis Restaurant and Lounge v.Administrator, Ohio Bureau of Employment Services (Feb. 13, 1986), Cuyahoga App. No. 50122, unreported.
Accordingly, we find that the Clark County Court of Common Pleas did not have subject matter jurisdiction to determine the issue of Ferrell's liability as an "employer." Thus, the judgment of the trial court is reversed and vacated for lack of jurisdiction.
Even had we found that the trial court did have subject matter jurisdiction, we would have agreed with the Board's finding that Ferrell was an employer to Schetter, as evidence in the record exists to support the Board's finding that Ferrell maintained direction and control over Schetter's activities. As such, we would have found that the trial court abused its discretion by vacating the Board's decision.
Both Ferrell and OBES claim that the correct standard of review for a trial court to follow in an unemployment compensation case is whether that decision is "unlawful, unreasonable, or against the manifest weight of the evidence." However, in reviewing a Board of Review's determination under R.C. § 4141.26, R.C. § 4141.26(D)(2) sets forth the standard of review for the trial court, which states, in pertinent part:
 The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
(Emphasis added.) In reviewing OBES' order, the trial court should generally defer to OBES' resolution of factual issues involving conflicting evidence. Columbus v. Ohio Unemp. Comp. Bd.Of Review (1993), 91 Ohio App.3d 548, 550. (Citations omitted)
In reviewing the trial court's decision on appeal, we are limited to an abuse of discretion standard of review regarding the factual issues. Id., citing Ford v. Ohio Department. of NaturalResources (1990), 67 Ohio App.3d 755. Based on this standard, if we were to reverse the trial court's decision, we would have to find that the decision vacating the Board's decision was "unreasonable, arbitrary or unconscionable." Id.
The issue which the trial court had to determine was whether Schetter was an employee of Ferrell's or if Schetter was an independent contractor. In Gillum v. Indus. Comm. (1943),141 Ohio St. 373, paragraph two of the syllabus, the Ohio Supreme Court set forth the following test:
 Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.
See, also, Marshall v. Aaron (1984), 15 Ohio St.3d 48; Richardsonv. Mehan (1982), 69 Ohio St.2d 52; Behner v. Indus. Comm. (1951),154 Ohio St. 433, paragraphs one and two of the syllabus.
In reviewing the record, we find that there was reliable, probative, and substantial evidence for the Board to determine that Ferrell did have direction and control over Schetter's activities and over the "partnership." Schetter did not have the freedom from Ferrell's direction and control to be an independent contractor. Substantial evidence also exists in the record to support the Board's determination that Ferrell held himself out to be a sole proprietor, and not part of a partnership, including evidence of the tax records and the contract between Ferrell and Jet Express.
If the trial court had had subject matter jurisdiction, this Court would have found that the trial court abused its discretion by arbitrarily vacating the Board's decision, despite the presence of reliable, probative, and substantial evidence supporting that decision, and despite the fact that the decision is in accordance with the law. However, this issue is moot for lack of jurisdiction.
Judgment of the trial court will be reversed and vacated for lack of subject matter jurisdiction, and the judgment of the Board shall be reinstated.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
Stephen Klein
Stefan J. Schmidt
Hon. Richard O'Neill
IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO