OPINION
{¶ 1} Appellant, Toni Robinson, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the State Personnel Board of Review ("SPBR") that found appellant properly was classified as Office Assistant 3, as opposed to Administrative Assistant 4. Because the trial court did not abuse its discretion in finding substantial, reliable and probative evidence to support SPBR's order, we affirm.
 {¶ 2} Since 1986, appellant has been a full-time employee for the Ohio Department of Transportation ("ODOT") in the "Administration Section" of the Office of Real Estate. The Office of Real Estate, comprised of approximately 100 employees, is responsible for appraising, acquiring, and managing the rights of way needed to implement ODOT's plans. The Administration Section of the Office of Real Estate is responsible for internal operations, including personnel, payroll, and fiscal control. The Chief of the Office of Real Estate is James J. Viau, and the Chief of the Administration Section is Richard Weirich; Weirich reports to Viau. Weirich is classified as a Real Estate Administrator 3, and he became appellant's supervisor in November 2002.
 {¶ 3} From January 1994 through March 2002, appellant's position was classified as Administrative Assistant 4 ("AA4"). Once ODOT reorganized, duties previously performed by certain employees ceased or changed. Due to the reorganization, ODOT on March 14, 2002, requested that appellee, the Ohio Department of Administrative Services ("DAS"), perform a job audit of appellant's position. DAS performed the audit on April 3, 2002. As part of the audit, Anthony Brown, a Human Resources Analyst for DAS, conducted an interview with appellant and her supervisor, Weirich, to determine what duties appellant primarily performs. Based on the information collected in the audit, Brown concluded appellant's position was most accurately described as Office Assistant 3 ("OA3").
 {¶ 4} Because the new classification represented a downward change, appellant appealed the reclassification to the SPBR: although appellant suffered no change in pay as a result of the reclassification, appellant would have been eligible for a pay increase had she remained an AA4. A hearing on appellant's appeal was conducted before an administrative law judge ("ALJ") on April 11, 2003. Appellant testified at the hearing regarding her job duties, as did her supervisor Weirich, a co-worker, and Brown. The ALJ determined that appellant's position was appropriately classified as an OA3, per the audit. The SPBR adopted the ALJ's report and recommendation. Pursuant to R.C. 119.12, appellant appealed to the court of common pleas. The common pleas court affirmed. On appeal, appellant assigns the following error:
The Trial Court abused its discretion in holding that appellant performed clerical responsibilities, contrary to the factual findings of the Administrative Law Judge of the Ohio Personnel Board of Review. This error occurred at pages 7-9 of the Trial Court's Decision and Entry on Merits of Revised Code 119.12 Administrative Appeal, Affirming Order Issued September 12, 2003 by State Personnel Board of Review, Ordering that Appellant's Position Remain Classified as Office Assistant 3.
 {¶ 5} Pursuant to R.C. 119.12, a common pleas court must affirm the order of the board if the order is supported by reliable, probative and substantial evidence. Ford v. Ohio Dept.of Nat. Resources (1990), 67 Ohio App.3d 755, citing Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108. In reviewing the common pleas court's determination, we may reverse only if the common pleas court abused its discretion in finding reliable, probative and substantial evidence to support SPBR's decision.Gay v. Cuyahoga Cty. Bd. of Cty. Commissioners (June 27, 1996), Franklin App. No. 95APE12-1590. We review de novo questions relating to interpretation and application of statutes. Id.
 {¶ 6} "The SPBR decision is supported by substantial, probative and reliable evidence when the board complies with two requirements: (1) the record reflects the SPBR compared the relevant class specifications with the employee's actual duties and the time spent performing those duties, and (2) substantial evidence in the record supports any SPBR decision that certain job factors are of paramount importance to classification within that position." Id.; Ford, supra; Ohio Adm. Code 124-7-03(D) (stating that the board "shall compare the duties performed by the audited employee to the appropriate specifications and determine which classification most appropriately describes the duties performed by the employee").
 {¶ 7} In this case, the trial court reiterated the ALJ's findings of fact contained in the ALJ's Report and Recommendation ("RR") that SPBR adopted. According to those findings, supported by the evidence taken at the hearing before the ALJ, appellant performed a variety of duties in her job at the time of the audit and the subsequent hearing. She verified staffing levels within the Office of Real Estate, prepared skills inventory reports, prepared position justifications, including why a certain position was necessary, and at times updated job descriptions. When a vacancy occurred and a job was posted, appellant received the applications for the position and reviewed them for minimum qualifications. If an applicant met the minimum qualifications, appellant forwarded the applications to an appropriate manager. Appellant aided in setting up interviews, and in 1997-1998 developed interview questions for candidates. Appellant was present during at least some interviews, made some recommendations for hire, and prepared and sent some notification letters to selected candidates.
 {¶ 8} Approximately once a month, appellant looked over the work of Viau's Executive Secretary, spot checking the time sheets and reconciliations related to time worked and time off. Appellant was a member of a fiscal process team comprised of six to eight individuals; the team met every six weeks to work on updating a fiscal policy manual. Appellant also updated the table of organization within the Office of Real Estate; she helped in recruitment activities by working with managers, boards of realtors, colleges, universities, employment offices and newspapers; she determined labor costs for each office; she kept track of how much money consultants were spending in acquiring property as compared to the amount in-house personnel spent; and for about one hour every seven to eight months, she helped train new managers on how to conduct interviews.
 {¶ 9} At times prior to the audit, appellant wrote procedures explaining how to handle employee evaluations, such as when evaluations were due, she developed a tracking system for evaluations based on an employee's anniversary date, and she answered questions from employees about procedures. Appellant also wrote a records retention policy in 1999 and 2000 and worked with regional project managers to set production goals for realty specialists. Viau occasionally gave appellant a policy to review, and Weirich asked appellant to serve as a liaison with the office of accounting concerning the submission of W-9 forms. Appellant approved leave in Weirich's absence and signed payroll in Viau's absence.
 {¶ 10} According to Weirich, appellant performed more duties before the time he became her supervisor in November 2002. For example, after Weirich's arrival, Donna Stewart became the Records Management Supervisor, and appellant no longer maintained the records retention policy. Moreover, Weirich testified the Office of Human Resources was in charge of writing position descriptions and making decisions on minimum qualifications of applicants; he testified that position justifications, staffing level reports, and the like are simply forms appellant filled out by changing certain information such as the name and date. Weirich stated that other than serving as liaison with the office of accounting regarding the W-9 forms, appellant is not responsible for any of Weirich's duties.
 {¶ 11} The class concept for OA3 sets forth the mandatory duties and provides that the full performance level class works under general supervision and requires considerable knowledge of typewriting format and procedures, as well as clerical procedures, in order to produce complex technical material, including documents requiring use of legal, scientific, medical, statistical or foreign language terminology. The OA3 in essence provides a full range of general office work. The series purpose for OA3 is to perform a variety of clerical and typing tasks in order to provide general office work in support of an organizational unit.
 {¶ 12} By contrast, an AA4 works under administrative supervision and requires extensive knowledge of management principles or techniques, supervisory principles or techniques, and agency policies and procedures regarding program activities. The purpose of the required knowledge is (1) to assist in program direction by acting for the superior and by relieving the superior of most difficult administrative duties, as well as (2) to formulate and to implement program policy. The series purpose for an AA4 occupation is assisting in program direction by relieving a superior of administrative duties. Brown explained at the hearing that an AA4 implements policies and assists a supervisor with his or her most difficult tasks.
 {¶ 13} The class concept for appellant's superior Weirich, a Real Estate Administrator 3, provides that he work under administrative direction. His position requires advanced knowledge of business administration and real estate or property management. The purpose of the required knowledge is to assist the deputy director by (1) developing real estate policies and procedures related to components of the acquisition phase, including appraisals, relocation assistance, contracts, property management and disposal, as well as (2) serving as liaison for the deputy director's office on special projects. Based on the class concept, the ALJ found "Weirich is to develop real estate policies and procedures encompassing components of the acquisition phase, to include appraisals, relocation assistance, contracts and instruments, acquisition, property management, and disposal and utility relocations." (RR at 14.)
 {¶ 14} Applying the noted descriptions to the evidence at the hearing before the ALJ, we conclude the evidence does not demonstrate appellant relieves Weirich of his most difficult administrative duties. While we do not question appellant's versatility and value as an employee, appellant's duties are most accurately described as duties necessary to the operation of the administration section of the Office of Real Estate. As the ALJ stated, "Ms. Robinson is a facilitator of the work of the administrative section of ODOT's Office of Real Estate." (RR at 14-15.) Appellant is responsible for a broad range of duties including monitoring payroll, reconciling bills, overseeing fiscal controls, and helping to maintain appropriate records and other necessary paperwork. As such, appellant's duties are in the nature of general office work.
 {¶ 15} Further, appellant does not formulate or implement program policy on a regular basis. At best, appellant has sporadically assisted with policies. Although appellant assisted in writing a records retention policy in 1999 and 2000, Weirich testified that the records management supervisor currently oversees that duty and has since Weirich started in November 2002. Similarly, although appellant is a member of the fiscal team working to update the fiscal policy manual, appellant's role as one of eight members is limited. In short, appellant performs only some of the duties of an AA4.
 {¶ 16} Even if an employee performs "some" of the duties in the higher classification, the employee may properly be classified in the lower classification if the employee does not perform the essential duties of the higher classification. Gay,
supra. To place the employee in a higher classification, it must appear that the employee performs all or substantially all of the duties in the higher classification. Mounts v. Dept. of Admin.Servs. (1984), 17 Ohio App.3d 125; Klug v. Dept. of Admin.Servs. (May 19, 1988), Franklin App. No. 87AP-306 (concluding appellant was properly retained in the lower classification because the evidence permitted a finding that appellant performed only some of the duties in the higher classification); Ruedelev. Dept. of Admin. Servs. (Mar. 9, 1993), Franklin App. No. 92AP-1034 (holding substantial evidence supported retaining the employee in the lower classification where she lacked supervisory responsibility of paramount importance to the higher classification).
 {¶ 17} Here, the record demonstrates that approximately 80 percent of appellant's duties consist of general office work: typing data into the computer, retrieving data from the computer, monitoring payroll, receiving documents and forwarding them to appropriate individuals, answering questions from other employees regarding procedures, helping the executive secretary on occasion, and maintaining appropriate records. Because those duties fall outside the duties of an AA4, the SPBR properly concluded, based on the ALJ's report and recommendation, that appellant correctly was assigned an OA3 classification.
 {¶ 18} Because the evidence supports SPBR's classification, the common pleas court did not abuse its discretion in finding the classification to be supported by substantial, reliable and probative evidence. Accordingly, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Klatt, JJ., concur.