PARAMOUNT AUTO, INC., Appellee,

v.

MOTOR VEHICLE DEALERS BOARD, Appellant.

[Cite as *Paramount Auto, Inc. v. Motor Vehicle Dealers Bd.* (1997), 118 Ohio App.3d 511.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE07–843.

Decided Feb. 27, 1997.

512

*Voltolini & Voltolini* and *Bruno E. Voltolini*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Chester T. Lyman, Jr.*, Assistant Attorney General, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the Motor Vehicle Dealers Board ("board") from the May 13, 1996 judgment entry of the Franklin County Court of Common Pleas which reversed the decision of the board to suspend the dealer's license of appellee, Paramount Auto, Inc.

The record reveals the following pertinent facts. On March 10, 1995, James G. Ricker, the owner of appellee, Paramount Auto, Inc., received his used car dealer's license. On April 6, 1995, a field investigator with the Bureau of Motor Vehicles conducted an on-site inspection at the dealership. For purposes of this appeal, the primary violation noted by the investigator was that there was no permanent physical barrier between the dealership and a repair/reconditioning business, in violation of R.C. 4517.03(A) and (C), and Ohio Adm.Code 4501:1–3–08. The investigator was informed that the dealership would be in compliance by April 10, 1995. Pursuant to further on-site inspections, the investigator found that the dealership was still not properly separated from the repair/reconditioning business. Therefore, on August 10, 1995, the board issued a notice of opportunity for hearing and proposed to take action against the dealer's license, pursuant to R.C. 4517.33.

Ricker timely requested a hearing, which was held on September 13, 1995. At the hearing, Ricker admitted that he was operating a business on the premises which is not physically separated from the used car business. That business consists of repairing and detailing automobiles owned by the dealership and offered for sale by the dealership and also automobiles owned by the general public. Based upon the evidence in the record, it is apparent that the two businesses are contained within the same building. Each business does have a separate entrance from the parking lot; however, there is an open hallway which connects the two parts of the building, and the offices for each business are located next to each other. Ricker testified that the open hallway between the two businesses is maintained for the following reasons: (1) because there is no bathroom in the repair/reconditioning area, and (2) because there is only one waiting area for customers of the two businesses. Ricker indicated that he could not understand the board's opinion that, simply because the repair/reconditioning business did work on automobiles in addition to automobiles which were repaired for sale at appellee's dealership or cars which were sold by appellee dealership and were under warranty, he was not "dealing in motor vehicles" for purposes of the statute.

Because the board found appellee to be in violation for failure to maintain a permanent barrier between the two businesses, the license issued to appellee, with Ricker as owner, was suspended.

Appellee appealed the order of the board to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. By order dated May 13, 1996, the trial court overruled the order of the board, and remanded the matter to the board with instructions to reinstate appellee's used car dealer's license. The board has filed the instant appeal and asserts the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred as a matter of law in its interpretation of the statutory definition of 'dealing' in motor vehicles.

"Assignment of Error No. 2:

"The trial court erred in not giving proper deference to the agency's determinations of fact and application of the law.

"Assignment of Error No. 3:

"The trial court erred as a matter of law in substituting its judgment for that of the trier of fact with regard to the penalty and determination issued by the board."

The board's assignments of error are interrelated and will be addressed together.

Preliminarily, we note that a court of common pleas must affirm the order of the board if the order is supported by reliable, probative, and substantial evidence, and the order is in accordance with law. R.C. 119.12; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. In reviewing the administrative order, the common pleas court generally refers to the administrative resolution of issues upon which there is conflicting evidence. *Gordon v. Ohio Dept. of Adm. Serv.* (Mar. 31, 1988), Franklin App. No. 86AP–1022, unreported, 1988 WL 37094. On appeal, our review of the common pleas court decision is further limited to an abuse of discretion standard. *Ford v. Ohio Dept. of Natural Resources* (1990), 67 Ohio App.3d 755, 588 N.E.2d 884. An abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251–1252.

The relevant portions of R.C. 4517.03 provide as follows:

"(A) A place of business that is used for selling, displaying, offering for sale, or dealing in motor vehicles shall be considered as used exclusively for those purposes even though snowmobiles, all purpose vehicles, or farm machinery is sold or displayed there, *or if repair, accessory, gasoline and oil, storage, parts, service, or paint departments are maintained there, or such products or services*

*are provided there, if the departments are operated or the products or services are provided for the business of selling, displaying, offering for sale, or dealing in motor vehicles.* Places of business or departments in a place of business used to dismantle, salvage, or rebuild motor vehicles by means of using used parts, are not considered as being maintained for the purpose of assisting or furthering the selling, displaying, offering for sale, or dealing in motor vehicles.

" * * *

"(C) No used motor vehicle dealer shall sell, display, offer for sale, or deal in motor vehicles at any place except an established place of business that is used exclusively for the purpose of selling, displaying, offering for sale, or dealing in motor vehicles." (Emphasis added.)

█ This court finds that the trial court did not abuse its discretion when it determined that the order of the board was not supported by reliable, probative, and substantial evidence and was not in accordance with law. This court specifically reads the above section (C) to mean that a used motor vehicle dealer cannot sell, display, offer for sale, or deal in motor vehicles at any place other than the established place of business where the dealer has his or her license to sell, display, offer for sale, or deal in motor vehicles. This would preclude a used motor vehicle dealer from placing an automobile for sale at a location other than the place which was the dealer's established place of business. Further, pursuant to (A) above, a place of business that is used for selling, displaying, offering for sale, or dealing in motor vehicles is still considered as being used exclusively for those purposes even if repair, accessory, storage, parts, service, or paint departments are maintained there. Nothing in the above statute implies that a used motor vehicle dealer cannot have a service department where cars can be repaired both to be sold by the dealer and for the general public.

█ Further, this court finds that the application of Ohio Adm.Code 4501:1–3–08 to the facts of this case by the board was unreasonable. As this court stated previously, there simply is no requirement that can be read into R.C. 4517.03 to restrict a used motor vehicle dealer from having a repair shop wherein cars are made ready for sale at the dealership and cars are repaired for the general public. Ohio Adm.Code 4501:1–3–08 provides: "A used motor vehicle dealer shall have an established place of business which * * * shall be separated from any other business or residence with a permanent physical barrier." In the present case, the diagrams which were presented as evidence before the board demonstrate that, for all intents and purposes, the service department was in back of the area used to display vehicles and that it had its own access from the outside for customers. The fact that the service department was accessible through a hallway in order to provide access to restroom facilities and to provide a waiting

area for customers is not fatal. The diagram also shows that, although the office for the repair shop is next to the office for the used car dealership, those offices are separated by a wall, and there was no evidence before the board to the contrary. Administrative rules are promulgated to facilitate the administration of the law, and it is not proper for them to add to, enlarge, supply, expand, extend, or improve the provisions of the statute in order to meet a situation not provided for in the statute. See, *e.g.*, *State ex rel. Cunningham v. Indus. Comm.* (1987), 30 Ohio St.3d 73, 77, 30 OBR 176, 180, 506 N.E.2d 1179, 1182. This court agrees with the trial court's conclusion that the barrier language is meant to preclude an entirely different business from being run out of the same premises or in derogation of a neighboring business or resident's enjoyment of his or her property.

For all the reasons outlined above, the three assignments of error raised by appellant are overruled.

Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.