[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 409.]

OFFICE OF DISCIPLINARY COUNSEL *v*. KIACZ, JUDGE.

[Cite as *Disciplinary Counsel v. Kiacz*, 2002-Ohio-1048.]

*Judges—Misconduct—Public reprimand—Meeting with State Highway Patrol officers and asking officers to keep number of traffic tickets level so court costs would not need to be raised.*

(No. 01-1827—Submitted December 12, 2001—Decided February 27, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-49.

_____

*Per Curiam.*

{¶ 1} In May 1998, George Issac, a member of the citizen's committee overseeing the construction of a new municipal building in Bryan, Ohio, asked respondent, Joseph Robert Kiacz, the judge of the Bryan Municipal Court, Attorney Registration No. 0003337, whether the court was generating sufficient revenue so that the city would not have to contribute to the court's operating budget but could devote its funds to the new building. Respondent replied that the court was financially self-sufficient.

{¶ 2} A year later, in May 1999, after the planning for the municipal building construction had begun, the Clerk of the Bryan Municipal Court told respondent that the number of traffic citations issued by the local State Highway Patrol post had dropped substantially in March and April 1999. Respondent met with officers of the local post of the State Highway Patrol and asked whether they knew the reason for the drop in citations. Although the number of citations issued by the patrol in June 1999 was higher than in previous months, it continued to decline in July, August, and September. In November 1999, respondent met with a senior officer of the State Highway Patrol and asked for an explanation for the

drop in tickets and complained about the attitude of one of the junior officers he met with in May. Respondent also discussed with the senior officer the need for the municipal court to be financially self-sufficient.

{¶ 3} Shortly thereafter, also in November 1999, certain junior officers of the State Highway Patrol post met with respondent in a followup meeting. Respondent discussed the need to keep court revenues level and asked the officers to keep the number of traffic tickets level so that he would not have to raise court costs.

{¶ 4} The Highway Patrol did not change its actions as a result of these meetings, and these meetings had no influence on respondent's adjudication of any case.

{¶ 5} On June 5, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's actions violated several provisions of the Code of Judicial Conduct and the Code of Professional Responsibility. Respondent answered and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 6} Based on the stipulations of the parties, the panel found the facts as stated above and concluded that respondent's conduct violated Canon 1 of the Code of Judicial Conduct (a judge shall uphold the integrity and independence of the judiciary) and Canon 4 of the Code of Judicial Conduct (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities).

{¶ 7} The panel found "compelling" the statements of numerous character witnesses who described respondent as a caring, intelligent, fair judge who is deeply involved in his community and who possesses high integrity and respect for the judicial system. The panel therefore recommended that respondent receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} We have reviewed the entire record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator.

*Elizabeth McCord* and *George Jonson,* for respondent.

————————————