# CITY OF LAKEWOOD

v.

## CALANNI. █

2002-Ohio-7485.]

Lakewood Municipal Court,
Cuyahoga County.

Nos. 02 B 902 and 02 B 1074.

Decided Oct. 31, 2002.

40

Kevin Spellacy, Director of Law, and Thomas Wagner, Assistant Director of Law, for plaintiff.

Blackie & Assoc., L.L.C., and William E. Blackie III; Lillie & Holderman and Sean F. Kelleher, for defendant.

---

PATRICK CARROLL, Judge.

{¶ 1} These cases are before the court on defendant Charles Calanni's motions to dismiss. Because of the interrelated issues raised in the motions, the cases are consolidated for the purpose of determining the motions.

{¶ 2} In both cases, the defendant is charged with violating Section 1143.09 of the Lakewood Codified Ordinances. This ordinance provides:

"*UNLICENSED, IMMOBILIZED VEHICLES*

"No person shall store or permit to be stored, for a period of more than three (3) consecutive days, any motor vehicles not having current year license plates

and/or damaged or immobilized so as to render it incapable of being moved under its own power, upon any lot or land designated as within any district, unless the same shall be in a completely enclosed building or garage. 'Motor Vehicle' shall have the same meaning as in O.R.C. 4501.01. This section shall not apply to motor vehicle sale lots."

{¶ 3} In both cases, the defendant asserts as the following grounds for dismissal: "(1) sufficiency and vagueness of complaint; and (2) statutory exemption pursuant to Lakewood Codified Ordinance 1143.04."

{¶ 4} In addition, case No. 02 B 1074 raises a third ground for dismissal: that the building department notes attached to the criminal complaint do not allege a violation of the ordinance.

{¶ 5} These cases were originally scheduled for jury trial on September 13, 2002. The motions to dismiss were filed on September 5, 2002. The law department responded to the motions to dismiss on September 12, 2002. Due to the factual issues raised by the parties, the jury trial was continued so that a hearing on the motions could be conducted on September 13.

{¶ 6} At the hearing on September 13, the parties requested to submit stipulations of fact in lieu of an evidentiary hearing. The stipulations of fact, for the purpose of the motions to dismiss were, filed with the court on September 20, 2002. These stipulations state:

"1.   Charles Calanni, d.b.a. Calanni Auto Service, operates a motor vehicle repair business at 13728 Madison Avenue, Lakewood, Ohio;

"2.   The aforementioned business engages in all areas of general automobile engine and motor repair;

"3.   The business also engages in the repair of auto glass, mufflers, tires and other miscellaneous automotive repairs;

"4.   The business engages in the general repair of recreational and sport vehicles;

"5.   The business does not engage in the sale of automobiles, gasoline or diesel fuel nor is it an automotive rental agency;

"6.   The business does not engage in marine craft sales or service."

{¶ 7} The jury trial was continued to November 6, 2002. While the factual issues for the motion were stipulated by the parties, the legal issues raised are in dispute. Extensive legal research was conducted by the court to decide these issues.

## I. Sufficiency and Validity of the Complaints

██ {¶ 8} A criminal complaint is defined by Rule 3 of the Ohio Rules of Criminal Procedure as "[a] written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

██ {¶ 9} The purpose and function of a complaint are to inform the accused of the crime of which he is charged. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. *State v. Villagomez* (1974), 44 Ohio App.2d 209, 211, 73 O.O.2d 215, 337 N.E.2d 167. The Ohio Constitution guarantees to every defendant the right to know the "nature and cause of the accusation against him." Section 10, Article I, Ohio Constitution. In addressing the sufficiency of a criminal complaint, the court held in *State v. Burgun* (1976), 49 Ohio App.2d 112, 118, 359 N.E.2d 1018:

"The formal charge whether by indictment, information, or complaint under Crim.R. 3, must contain the constituent elements of a criminal offense. While all of the specific facts relied upon to sustain a charge need not be recited, the elements of the crime must be stated."

██ {¶ 10} As a general rule, a criminal complaint satisfies the requirements of Crim.R. 3 when it sets out (1) the nature of the offense; (2) the time and place; (3) statutory language; and (4) numerical designation of statute. Zoning and building code violations, however, while criminal, raise additional issues. Unlike other criminal acts, such as assault, theft, or domestic violence, where the charge is based upon a single, defined act, a zoning or building code complaint may include a large array of omissions, defects, or corrections to a property. The Lakewood Building Department's correction notice contains 76 separate categories of exterior and interior violations. In addition to the large number of acts or omissions that could be included in a single zoning or building code complaint, the violations are often continual in nature. The specific acts or omissions are not set out in the complaint. Instead, the same conclusory language is used in all cases regardless of the specific violations or omissions that are the basis of the complaint. It is ironic that a simple traffic citation or parking ticket provides more information to a defendant.

██ {¶ 11} In light of the wide range of omissions that may result in a criminal charge, mere recitation of the statutory language is not sufficient. A criminal complaint is sufficient when an individual of ordinary intelligence does not have to guess as to the type and scope of the conduct prohibited. *State v. Baker* (Feb. 19, 1999), 6th Dist. No. H–98–033, 1999 WL 75999. The statutory language, setting out a general allegation of a zoning or building code violation, does not

give the defendant notice of the nature of the charge being brought. It describes the haystack rather than the needle. More specificity of the nature of the charge is required.

{¶ 12} In *Norwalk v. Ezell* (Mar. 13, 1987), 6th Dist. No. H–86–31, 1987 WL 7792, the court held that mere allegation in a criminal complaint that the defendant failed to abide by an order of the zoning inspector is not sufficient to comply with Crim.R. 3. The court in *Ezell* found that because of the absence of operative facts in the complaint, it was subject to dismissal.

{¶ 13} The prosecution argues in response to the defendant that if the complaint is vague or confusing, the proper remedy is a bill of particulars. Crim.R. 7(E) provides that by request of the defendant or by order of court, a bill of particulars may be provided by the prosecution setting out specifically the nature of the offense charged and the conduct of the defendant alleged to constitute the offense.

{¶ 14} The procedure for a bill of particulars is applicable to misdemeanor charges in municipal court. See *State v. Brown* (1993), 90 Ohio App.3d 674, 630 N.E.2d 397. A bill of particulars may not, however, be an effective remedy to a vague complaint. The court takes notice that the vast majority of the defendants appearing in court on zoning and building code violations are without an attorney. The procedure for a bill of particulars is unknown to most defendants. Without knowledge of the discovery procedure, it is not an effective remedy. In addition, such a procedure shifts the burden of notice to the defendant. A complaint served upon the defendant does not set out the specific zoning or building code violations but only that the zoning or building code has been violated. It would effectively require the defendant in every zoning and building code case, therefore, to inquire about the specific act or omission rather than being informed in the complaint. Additional confusion occurs when there is more than one omission or defect; some or more may have been abated by the time the defendant appears in court.

{¶ 15} In the present cases, the complaints have been supplemented with a copy of the building department's request for summons and report synopsis. Each report sets out the specific vehicle and dates of violation. In *N. Royalton v. Kozlowski* (Apr. 18, 1996), 8th Dist. No. 69138, 1996 WL 191771, the court of appeals found that a police report attached as part of the complaint could be considered in determining that the complaint satisfied the sufficiency requirement of Crim.R. 3. Although the court in *Kozlowski* noted that the better practice would be to put all of the essential information in the complaint, the critical issue is whether the defendant received reasonable notice of the offense charged. See, also, *Columbus v. Justice* (Dec. 23, 1997), 10th Dist. Nos. 97APC03–450, 97APC03–451, and 97APC03–452, 1997 WL 798317 (amended complaint incorpo-

rating emergency order to vacate sufficiently apprised defendant of the nature of the criminal conduct).

{¶ 16} Based upon the foregoing, the court finds that the complaint in this case, including the inspector's report synopsis, meets the sufficiency requirement of Crim.R. 3.

{¶ 17} The defendant also asserts that the complaints are deficient in describing the vehicle as unlicensed and/or damaged or immobilized. The mere charging of an offense in the disjunctive does not automatically render a complaint defective. *State v. Whitt* (1964), 3 Ohio App.2d 278, 32 O.O.2d 382, 210 N.E.2d 279. Moreover, a complaint alleging an essential element in the alternative does not affect the name or identity of the crime charged. Cf. *Tallmadge v. Ritchey* (Feb. 10, 1998), 9th Dist. No. 13178.

{¶ 18} The complaints in the present case, with the inspector's report synopsis, specifically set out the charges against the defendant. Each complaint sets out a separate criminal charge. The specific condition of the vehicle which is the basis for each alleged violation is set out in the respective report synopses. As such, the court finds that the complaints are not deficient.

{¶ 19} The second issue raised by the defendant regarding the complaint concerns the building inspector's report as a supplement to the complaint. This issue is limited to case No. 02 B 1074. The ordinance at issue prohibits the storage of unlicensed, damaged, or immobilized vehicles for more than three days. The inspector's report refers to a three-day period.

{¶ 20} The defendant contends that the complaint is defective because taken with the report, it does not allege the storage of a vehicle for more than three days. The actual complaint, however, does allege a period of more than three days. The complaint in the criminal case is not an evidentiary document, but, rather, a notice of the charge alleged. The complaint sets out the issue to be tried but is not proof itself of the offense. As long as all of the essential facts that are the basis of the offense charged are set out in the complaint, it meets the requirements of Crim.R. 3.

{¶ 21} In the present case, the defendant does not assert that the complaint failed to allege a material element of the offense, but, rather, that the complaint is inconsistent with the inspector's report. A variance is a conflict between the charging instrument and the proof in a matter essential to the charge. *State v. Brozich* (1923), 108 Ohio St. 559, 141 N.E. 491, paragraph one of the syllabus. When a variance in the complaint occurs, it is an issue for trial rather than the basis for a motion to dismiss. Moreover, a variance in the complaint is critical only when the defendant is misled or prejudiced. Crim.R.

33(E); see, also, *Hamilton v. Bradley* (Apr. 11, 1994), 12th Dist. No. CA92–11–217, 1994 WL 123785.

{¶ 22} The defendant has not alleged or shown any prejudice. The criminal charge, as set out in the complaint, is sufficient to inform the defendant of the nature of the charge. Based upon the foregoing, the defendant's motion to dismiss the complaint is overruled.

## II. Statutory Exemption Pursuant to Lakewood Codified Ordinance 1143.04

{¶ 23} Section 1143.09 of the Lakewood Codified Ordinances, which is the basis for this case, prohibits open storage of unsecured, damaged, or immobilized vehicles for more than three days. This statute specifically exempts motor vehicle sale lots. The defendant asserts that he is exempt under this provision from the vehicle open storage provision of Section 1143.09.

{¶ 24} The defendant's argument is based upon Section 1143.02(I)(9) of the Lakewood Codified Ordinances, which sets out a definition for "motor vehicle sales and service." This section provides:

> "*Motor Vehicle Sales and Service:* including automotive sales, gasoline and/or diesel fuel stations, automotive rental agency, marine craft sales and service, engine and motor repair shops, automotive glass/muffler/painting/tire/upholstery/repair shops, recreational and sports vehicle sales and service, or any combination thereof."

{¶ 25} The parties stipulated for purposes of this motion that the defendant's business is primarily automotive repair. While the defendant's business may fall within the statutory definition of "Motor Vehicle Sales and Service," the statutory exemption is expressly limited to "Motor Vehicle Sale Lots."

{¶ 26} The term "Motor Vehicle Sale Lots" is not defined by the Lakewood Codified Ordinances. The defendant asks this court to apply the definition of "Motor Vehicle Sales and Service" under Section 1143.04. In making this argument, the defendant requests this court to interpret this ordinance for his benefit.

{¶ 27} As a general rule, when construing a statute, the primary duty of a court is to give effect to the intent of the legislature enacting it. *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 49, 59 O.O. 65, 133 N.E.2d 780. In determining that intent, "a court should consider the language used and the apparent purpose to be accomplished, and then such a construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained." Id., 165 Ohio St. at 49, 59 O.O. 65, 133 N.E.2d 780. Thus, the court must first look to the language

of the statute itself to determine legislative intent. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378.

{¶ 28} In the present case, the ordinances at issue use two separate terms: (1) motor vehicle sale lots and (2) motor vehicle sales and service. While both terms involve automobile sales, one term is limited to sales while the other includes other activities. Clearly, if the legislative authority intended them to be the same, the same term would have been used in both ordinances.

{¶ 29} The difference between vehicle sales and service is legislatively recognized in R.C. Chapter 4517. R.C. 4517.01 sets out a statutory definition for a "motor vehicle dealer," "new motor vehicle dealer," and "used motor vehicle dealer." These statutory definitions are limited to the sales of vehicles. While a motor vehicle dealer may also provide general repair services, such services are independent and in addition to vehicle sales. See *Paramount Auto, Inc. v. Motor Vehicle Dealers Bd.* (1997), 118 Ohio App.3d 511, 693 N.E.2d 818 (physical separation between dealership and service department). See, also, R.C. 4517.03.

{¶ 30} From these statutory definitions and regulations, as well as their own plain meaning, it is clear that "motor vehicle sales" is not the same as "motor vehicle service and repair." Although related, they are two separate businesses with different operations. It is common knowledge that a motor vehicle sales lot will have unlicensed vehicles on an open lot for a period of time. The open lot is necessary to facilitate sales. The vehicles will not be licensed until sold. On the other hand, vehicle repair services generally involve a faster turnover of vehicles.

{¶ 31} Two different terms were used in the two ordinances. In addition, the terms have different meanings. There is no statutory cross-reference or other legislative indication that a motor vehicle sale lot should be defined to include motor vehicles sales and service. As the court held in *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted. Id. at paragraph five of the syllabus. To interpret what is already plain is not interpretation, but legislation. It is a legislative function, not a judicial one. *State ex rel. Shaker Hts. Pub. Library v. Main* (1948), 83 Ohio App. 415, 421, 38 O.O. 464, 80 N.E.2d 261.

{¶ 32} The defendant in this case is requesting this court to include vehicle repairs as part of motor vehicle sales. This is not statutory interpretation, but, rather, an attempt to create an exception that is not intended or supported by the clear language of the ordinance. The relief the defendant is seeking is legislative, not judicial. A court may not usurp the authority of a

separate branch of government to obtain a result beyond the clear language of the ordinance.

{¶ 33} Based upon the stipulations of fact and the applicable law, Lakewood Codified Ordinance 1143.04 does not exempt the defendant's business from the vehicle open storage prohibitions of Section 1143.09. Accordingly, the defendant's motion to dismiss is overruled.

{¶ 34} This case will proceed to trial as previously scheduled, on Wednesday, November 6, 2002, at 9:00 a.m. A final pretrial conference is scheduled for Friday, November 1, 2002, at 2:30 p.m.

Motions denied.