**CITY OF LAKEWOOD**

v.

**KREBS.**

2008-Ohio-7083.]

Lakewood Municipal Court.

Nos. 08 B 1085, 08 B 1516 and 08 B 1517.

Decided Oct. 6, 2008.

4

Nora Hurley, City of Lakewood Law Director, and Pamela Roessner, Assistant Prosecuting Attorney, for plaintiff.

James Reddy, for defendant.

CARROLL, Judge.

{¶ 1} The defendant, John Krebs, was charged with failing to maintain rental properties in the city of Lakewood. In case No. 08 B 1085, the charge involved failure to permit inspection at 1369 Beach Parkway. In case No. 08 B 1516, the charges involve ten separate violations of the building and housing code at 1343 Beach Parkway. Case No. 08 B 1517 asserted 17 separate violations of the building and housing code at 1343 Beach Parkway.

{¶ 2} After attempts to serve the defendant with the summons and complaints, the defendant appeared in court and entered a plea of not guilty in all cases. The cases were scheduled for trial for September 15, 2008. Although the defendant sought a continuance of the trial, the motion was overruled with respect to two of

the three cases before the court. The defendant appeared with counsel on September 15, 2008, and withdrew his plea of not guilty and entered a plea of no contest in all three cases. Upon a factual basis set out by the prosecutor and building inspector, the defendant was found guilty in all three cases. Sentencing was scheduled for October 1, 2008.

{¶ 3} The defendant was present with counsel at the sentencing hearing. The prosecutor and building inspector were also present.

{¶ 4} The defendant is placed on five years' community control supervision with a fine of $500 in case No. 08 B 1085, with a balance of $500 to be imposed for violation of community control supervision, along with $1,000 and 180 days in jail in case No. 08 B 1516 and $1,000 and 180 days in jail in case No. 08 B 1517, for a total of $2,500 and 12 months in jail for further violations and/or noncompliance with building, housing, health, and safety codes (hereinafter collectively referred to as "building codes"), or any other laws.

{¶ 5} As a condition of community control supervision, the defendant shall remain under house arrest with electronic monitoring at an apartment in one of the Beach Parkway buildings designated by the defendant, with work release between 8:00 a.m. and 6:30 p.m., Monday through Friday, for a minimum of 30 days. After expiration of the 30–day house arrest, the defendant may apply to the court for release. The defendant is required to appear at the probation department on October 6, 2008, for the house-arrest monitoring device. Judgment to be reduced to writing and served upon the defendant.

{¶ 6} Prior to being released from house arrest, the defendant must show full compliance with all building codes for all buildings owned or controlled by him, directly or indirectly, including common areas and individual suites, including but not limited to the following:

(1) 1342 Beach Parkway

(2) 1343 Beach Parkway

(3) 1369 Beach Parkway

(4) 1475 Roycroft Avenue

(5) 16607–09 Delaware Avenue

{¶ 7} The defendant shall not be released from house arrest without further court order.

**Housing Code Enforcement Procedures**

{¶ 8} In a criminal case, the prosecutor has complete discretion in deciding whether to bring a criminal charge, as well as the nature of the charge to bring. Failure to comply with building codes is a criminal offense. Under the Lakewood Codified Ordinances, such a violation is an unclassified misdemeanor,

carrying a fine ranging from $25 to $1,000. If the defendant has a prior conviction, the offense becomes a first-degree misdemeanor with a maximum fine of $1,000 and incarceration for up to six months. A failure to comply with the building codes is enhanced to a first-degree misdemeanor only if the complaint, as the charging instrument, contains the required language that the defendant has been previously convicted of a prior offense. Whether to include this language falls within the discretion of the prosecutor.

{¶ 9} In *Lakewood v. Calanni*, 127 Ohio Misc.2d 39, 2002-Ohio-7485, 805 N.E.2d 598, this court required the building department and the prosecutor to state with specificity in the complaint each building-code violation. A general statement that the defendant failed to comply with the code, without specificity, falls short of the adequacy of notice to satisfy the requirements of due process of law. Thus, whether a defendant is guilty of the violations set out in the complaint turns on the specific acts of omission or noncompliance on the date set out in the complaint.

{¶ 10} While the court has an interest in the building, health, and safety codes being followed, as with all criminal laws, it is not within the authority of the court to encourage the prosecutor to commence any criminal proceedings. See, e.g., *Disciplinary Counsel v. Kiacz* (2002), 94 Ohio St.3d 409, 763 N.E.2d 590.

{¶ 11} A judge is not a law-enforcement officer. A judge and a law-enforcement officer are separately defined, with separate duties and responsibilities. Crim.R. 2. See also R.C. 2901.01(A)(11). As the Supreme Court noted in *Disciplinary Counsel v. Hoague* (2000), 88 Ohio St.3d 321, 323, 725 N.E.2d 1108, "[a] judge who observes a crime outside the courtroom has only the power of an ordinary citizen."

{¶ 12} The responsibility of a judge is to decide matters that have been submitted to the court by the parties. *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 13. It is axiomatic that a judge has no authority over a person or situation unless a case is properly filed and the court's jurisdiction is invoked. Nor does a judge have any authority to decide the type or number of cases that will be filed with the court. Rather, a judge is limited in his or her authority to the cases that are filed with the court. Building-code cases are brought to the court either as a civil matter, such as rent deposit by a tenant, or as a criminal case filed by a prosecutor. The decision to file a criminal case lies within the sole discretion of the prosecutor.

{¶ 13} Once discretion is exercised by the prosecutor and a criminal proceeding is commenced, however, the control of the case shifts from the prosecutor to the court. In a criminal case, if a finding of guilt is made, whether

by plea, bench trial, or jury trial, it is the judge's responsibility to determine the appropriate sanction.

## Sentencing Guidelines and Procedure

{¶ 14} When a defendant is found guilty of a building-code violation, it is within the court's discretion to determine the appropriate sanction. Although classified as criminal cases, building-code cases are different from other criminal cases because the focus is upon bringing the property into compliance rather than dealing with past misconduct. See, e.g., *Cleveland v. Fogos* (1995), 103 Ohio App.3d 39, 47, 658 N.E.2d 789. As stated earlier, the penalties set out by statute or ordinance include fines and, depending upon the nature of the charge, a jail sentence. The court may suspend some or all of either sanction and place the defendant on community control supervision/probation for a maximum of five years. R.C. 2929.25.

{¶ 15} When sentencing a defendant, the trial court may impose one or more sanctions. Trial courts are given broad discretion in their sentencing authority when imposing conditions of probation. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201. A judge may impose additional conditions aimed at preserving the interest of justice, protection of the community, and the rehabilitation of the offender. *Garfield Hts. v. Tvergyak*, Cuyahoga App. No. 84825, 2005-Ohio-2445, 2005 WL 1177870. In setting the conditions, a court is required to consider whether each condition:

(1) is reasonably related to rehabilitating the offender,

(2) has some relationship to the crime of which the offender was convicted, and

(3) [is] related to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469.

{¶ 16} The Ohio General Assembly, by the enactment of R.C. 2929.21, set out the overriding purpose for misdemeanor sentencing:

[The sentence should] protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

{¶ 17} In *State ex rel. Eaton v. Price* (1958), 168 Ohio St. 123, 5 O.O.2d 377, 151 N.E.2d 523, the Ohio Supreme Court recognized a municipality's interest in enforcing building codes to maintain the housing stock and for the purpose of ensuring a healthful, safe, and sanitary environment for the occupants. Similarly,

Section 1306.02 of the Lakewood Property Maintenance and Safety Code sets out the code's general purpose:

1. Minimum standards necessary to make all dwelling and occupiable structures safe, sanitary, free from fire, and health hazards and fit for human habitation and beneficial to the public welfare,

2. Minimum standards governing the maintenance of dwellings, occupiable structures and exterior property areas in such condition as will not constitute a blighting or deteriorating influence on the neighborhood and the community,

3. Protection of property values and maintaining the character and appearance of the community and neighborhoods within the community.

{¶ 18} The city of Lakewood is an inner-ring community with an aging housing stock. The number of renters is almost equal to the number of homeowners in the city. Maintaining the housing stock is a benefit to all residents. Thus, while there may appear to be greater emphasis on housing-code-violation cases in light of the relatively small number of cases, these cases are extremely important because of the age of many Lakewood homes.

{¶ 19} In a housing-code-violation case, the primary goal of the court is to correct the violation and bring the property into compliance with all building codes. The defendant in this case has shown that financial sanctions are not sufficient to compel his compliance with the building code. Within the last year the defendant was convicted of building-code violations for the premises at 1343 Beach Parkway. *Lakewood v. Krebs,* case No. 08 B 346. After being found guilty in that case, the defendant failed to remedy the violations over the next two months, resulting in the maximum fine of $1,000 being imposed on an incremental basis. During this period, rent was also ordered reduced for a rental premises at 1343 Beach Parkway after the tenant deposited the rent with the court. *Purdue v. Krebs,* case No. 08 CVR 63. There have been other building-code-violation convictions in which fines were imposed upon the defendant. Despite these financial sanctions, the building-code violations remained.

{¶ 20} The condition of community control supervision of requiring the defendant to live in his own rental property impresses upon the defendant the need to comply with the building codes as well as the severe impact a poorly maintained dwelling has on both his tenants and the community in general. It also serves the public purpose of expediting corrections of the violations and deterring future misconduct.

{¶ 21} In exchange for the payment of rent, a tenant has the right of peaceful enjoyment in a safe and habitable home. In the present case the record reflects numerous building- and housing-code violations. Moreover, the nature of these violations make clear that they did not occur from an isolated, unforeseen

incident such as a fire or storm, but rather, from the continued neglect by the defendant. The charges include weathered or peeling paint, broken windows, falling plaster, and inadequate or improper heating, ventilation, plumbing, and wiring. Tenants were not able to use and relax in their homes, due to the defendant's misconduct. If there is a complaint about a landlord's being required to live in his own rental unit, it is a complaint based upon a condition created by the defendant's own negligent conduct.

## Continued Compliance with Building Codes

**▪▪▪▪** {¶ 22} In addition to the discretionary conditions of community control supervision, there are two mandatory conditions imposed by law: (1) abide by the law and (2) do not leave the state without the court's permission. R.C. 2929.25(B)(2). These two conditions apply to all defendants on community control supervision, regardless of whether they are set out in the court's sentencing order. *State v. Jones* (Dec. 19, 1995), 3d Dist. No. 15–95–3, 1995 WL 763296. See also *State v. Occhipinti* (May 14, 1999), 11th Dist. No. 98–L–061, 1999 WL 315400.

**▪▪▪▪** {¶ 23} The term "law" in the phrase "abide by the law" encompasses criminal laws beyond the basis for the original conviction. In *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 601 N.E.2d 61, the court stated:

> It is understood that the minimum statutory condition of probation * * * [to] "abide by the law" means that probationers must abide by the criminal law. Certainly, therefore, a criminal conviction can provide the basis for probation revocation by the sentencing court. We cannot say, however, that the sentencing court must wait for a criminal conviction to revoke probation on the basis that the probationer violated * * * probation by breaking the law. * * * Thus, it would not be necessary for [a] municipal court to wait for a criminal conviction * * * in order to revoke appellant's probation because of his alleged failure to abide by the criminal law * * * so long as there was "substantial" evidence that appellant's failure to comply * * * was a violation of the criminal law.

Id. at 33–34, 601 N.E.2d 61. See also *State v. Jones* (evidence of alcohol consumption by underage defendant was grounds for probation violation without conviction).

**▪▪▪▪** {¶ 24} In a housing-court setting, the word "law" in "abide by the law" includes future and/or unaddressed building-code violations. The requirement to abide by the law is not limited to the same type of code violation. Nor is it limited to the same property. A subsequent building-code violation—after notice is given to the defendant and he does not make reasonable efforts to remedy the condition—may be grounds for community-control-supervision revo-

cation. Moreover, revocation of community control supervision is not limited to a criminal conviction if there is substantial evidence of a violation and the due process requirements of adequate notice and a hearing are satisfied.

{¶ 25} Upon a defendant's being convicted of a criminal offense and placed on community control supervision, the court's jurisdiction over the defendant continues for the period of community control supervision. The jurisdiction of the court is not dependent upon the prosecutor. A violation of community control supervision may be brought to the court's attention by the prosecutor or by the court's probation department.

{¶ 26} R.C. 5321.04 imposes upon a landlord statutorily required specific duties to safeguard a tenant, including:

(1) Comply with * * * all * * * building, housing, health and safety codes;

(2) Make * * * repairs * * * to put and keep the [property] in a fit and habitable condition;

(3) Keep all common areas of the premises in a safe and [habitable] condition; [and]

(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied.

{¶ 27} A violation of any of these conditions is grounds for a tenant to deposit his rent with the court or terminate a lease. R.C. 5321.07. A violation may also prohibit a landlord from re-renting the premises until further court order after proof of compliance with all building, health, and safety codes. R.C. 1923.15. Noncompliance with building codes, as a criminal violation carrying a fine and possible incarceration, could also be the basis for revocation of community control supervision. As statutorily approved remedies for building-code violations, these sanctions could also be imposed as conditions of community control supervision.

{¶ 28} For most homeowners, their home is their largest investment. Housing values in an area will decline if even one property is poorly maintained. Moreover, a poorly maintained property can also create a trend of neglect, leading to a downward spiral in the community. As one commentator has noted:

If a window is broken and left unrepaired, people walking by will conclude that no one cares and no one is in charge. Soon, more windows will be broken.

M. Gladwell, The Tipping Point (Little, Brown & Co., 2000). Requiring a property owner, whether landlord or homeowner, to maintain his property serves the statutory goal of community control supervision.

{¶ 29} In the present case, the defendant owns or controls numerous rental properties in the city of Lakewood. The scope of review and compliance is not limited to the focus of the few code violations raised in the criminal complaint. To provide otherwise would be to allow the defendant to continue his course of criminal neglect while other dangerous conditions continue and grow unchecked. A conviction of a code violation does not win the defendant the right to create a perpetual nuisance. Cf. *Cleveland v. Fogos,* 103 Ohio App.3d 39, 658 N.E.2d 789. As a condition of community control supervision, the court has the authority to widen its scope to address all building-code violations in order to maintain a safe and viable housing stock in the community in accordance with the previously identified public purpose.

{¶ 30} Consistent with the procedure set out in this case, the defendant is required to be in full compliance with all building codes as a condition of community control supervision. This includes all code violations for the defendant on community control supervision, regardless of whether such violations are raised in the prosecutor's complaint or occurred or discovered after the complaint was filed. Thus, the court's postconviction scope of inquiry applies to all code violations of any property owned or controlled by the defendant. Supervision will be primarily through regularly scheduled compliance hearings, as the court is currently conducting. The court may also require periodic reviews of defendant's property during the term of community control supervision after initial compliance to assure compliance is maintained.

{¶ 31} The defendant in this case is required to bring all of the properties within his ownership or control in compliance with all building codes. This case is passed for further review and compliance with a compliance hearing scheduled for Friday, November 7, 2008, at 10:00 a.m.

So ordered.