[Cite as *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3047.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95172, 95173, 95174, 95175
95176, and 95177**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## GO INVEST WISELY, L.L.C.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case Nos. 2009-CRB-007531, 2009-CRB-012839,
2009-CRB-006408, 2009-CRB-001719, 2009-CRB-023357,
and 2009-CRB-025957

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEY FOR APPELLANT**

James J. Costello
Powers Friedman Linn, P.L.L.
23240 Chagrin Boulevard
Suite 180
Cleveland, Ohio   44122


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director of Law
Katherine S. Zvomuya
Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Go Invest Wisely, L.L.C. ("GIW"), appeals the finding of the Cleveland Municipal Court Housing Division that GIW violated conditions of probation and the imposition of a portion of fines that had previously been suspended after GIW pled no contest to six complaints charging various building and housing code violations.   GIW now argues that the trial court ignored the purposes and principles of misdemeanor sentencing in imposing $65,000 in fines.

**{¶ 2}** GIW is a company that buys and sells real estate for investment purposes. It purchased several properties in Cleveland, Ohio, including the six properties involved in the instant appeal.[1] City of Cleveland (the "City") inspectors found various housing and building code violations during inspections of a number of GIW's properties in 2009, and the City filed complaints in the Cleveland Municipal Court Housing Division after GIW failed to remedy the violations in a timely manner.

**{¶ 3}** GIW agreed to plead no contest on December 15, 2009 and was sentenced by the trial court on December 31, 2009. The trial court imposed fines as follows: $20,000 with $18,500 suspended in 2009-CRB-007531; $20,000 with $19,000 suspended in 2009-CRB-006408 and a deposit of $5,000 to be placed with the court for anticipated demolition costs; $25,000 with $23,500 suspended in 2009-CRB-001719; $20,000 with $19,000 suspended in 2009-CRB-012839; $20,000 with $19,000 suspended in 2009-CRB-023357; and $20,000 with $18,500 suspended in 2009-CRB-025957. These fines totaled $125,000, with all but $7,500 suspended. The trial court also placed GIW on two years of active probation. GIW was required to file with the trial court twice per month a list of the properties it owned in Cleveland and

---

[1] These properties are: 721 East 159th Street; 12315 Ashbury Avenue; 4281 East 131st Street; 4132 East 112th Street; 13309 Ferris Avenue; and 9410 Nelson Avenue.

current photographs of the properties.[2]   The trial court also advised GIW that it was required to obtain permits to board and secure any vacant properties and required GIW to submit those permits to the court.

{¶ 4}   At a status conference on February 3, 2010, the trial court ordered GIW to bring permits for each of the boarded properties to the February 22, 2010 status conference.   GIW failed to obtain those permits in a timely fashion.   GIW also failed to remedy various safety conditions the trial court felt were particularly hazardous, including removal of a refrigerator that was left in the side yard at 1258 East 146th Street.   The probation officer supervising GIW submitted to the court a notice of probation violation on March 24, 2010.

{¶ 5}   At an April 6, 2010 probation violation hearing, the trial court found that GIW had violated several conditions of probation.   GIW had failed to submit various lists of properties, even after the trial court granted it extensions of time, and had failed to provide a sufficient number of photographs or, in some cases, any photographs of the subject premises.

---

[2] The trial court's order required GIW to submit "not later than 3:00 p.m. on the first and third Friday of each month * * * a list of all properties for which it is the actual or record owner, containing the (a) address; (b) permanent parcel number; (c) whether the property is currently under purchase agreement; (d) whether the property is subject to a land contract; (e) the name and address of the purchaser under the purchase agreement or land contract; (f) whether the land contract has been recorded and, if so, the date of recordation; (g) whether there is an open notice of violation on the property[; and] * * * a sufficient number of clearly labeled photographs of each property on the submitted list(s) from which the Court can view all four sides of the primary structure, as well as any

GIW also failed to paint the boards it used to secure the doors and windows of vacant properties a neutral color in compliance with building and housing code requirements.

{¶ 6} At the April 20, 2010 sentencing hearing, the trial court found GIW in violation of the terms of probation and ordered into execution $65,000 of the fines that the trial court had previously suspended.[3] GIW timely appealed and requested a stay of the sentence pending appeal.

## Law and Analysis

{¶ 7} GIW presents one assignment of error, claiming that "[t]he trial court erred in sentencing [it] to fines that were excessive, disproportionate, and contrary to law." GIW limits its argument on appeal to the proper application of R.C. 2929.22 and the trial court's failure to consider the factors therein. GIW does not argue that the fines are excessive in violation of Ohio and federal constitutions, or that the fines imposed are outside the bounds that may be imposed for a misdemeanor under Cleveland ordinance or Ohio law. Therefore, we will limit our review accordingly. GIW argues exclusively that the trial court abused its discretion when it ordered fines into

---

appurtenant structures."

[3] These fines consisted of $8,500 in 2009-CRB-007531; $11,000 in 2009-CRB-001719; $9,000 in 2009-CRB-012839; $9,000 in 2009-CRB-023357; $8,500 in 2009-CRB-025957; and $19,000 in 2009-CRB-006408.

execution based on an improper reason, in contravention of the purposes of misdemeanor sentencing set forth in R.C. 2929.22.

### Misdemeanor Sentencing

**{¶ 8}** Much like the factors applicable to felony sentencing embodied in R.C. 2929.12, a trial court must consider the factors set forth in R.C. 2929.22 when imposing a misdemeanor sentence. *Cleveland v. Franklin, Ltd.*, Cuyahoga App. No. 84576, 2005-Ohio-508, ¶15. "The overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender and others. R.C. 2929.21(A). In order to achieve these purposes, the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public." *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶45, citing *In re Slusser*, 140 Ohio App.3d 480, 487, 2000-Ohio-1734, 748 N.E.2d 105.

**{¶ 9}** Pertinent factors include: (a) the nature of the offense, (b) whether there is a history of persistent criminal activity and a substantial risk that the offender will commit another offense; (c) whether there is a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences; and (d) whether the offender is likely to commit future crimes in general. R.C. 2929.22(B)(1).

**{¶ 10}** The trial court has broad discretion in crafting a sentence to achieve these purposes. As such, this court is limited to reviewing whether the trial court abused that discretion. *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶15. "When the court's sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing to the contrary." *Downie* at ¶48.

**{¶ 11}** GIW claims the sole reason the trial court ordered into execution suspended fines was the lawful sale of some of the subject properties. However, the record discloses that GIW violated the terms of its probation in a number of ways.

**{¶ 12}** In its April 20, 2010 judgment entry, the trial court stated, "[a]t the April 6, 2010 hearing, Defendant acknowledged that it violated probation by failing to comply with the March 8, 2010 order. Defendant attempted to obtain the required permits on the morning of March 23, 2010, while the status hearing was in progress. As a result, it was unable to produce the permits at the status hearing that day. Defendant also acknowledged that it did not address the three issues at the four specified properties."

**{¶ 13}** The trial court then set forth the reason for ordering into execution a portion of the previously suspended fines, stating:

**{¶ 14}** "The Court in these cases previously sentenced defendant to fines totaling $125,000.00, suspending all but $7500.00 of the fines, as recommended by the City. Defendant paid the portion of the fine executed in each case, albeit after an extension of the time to pay.

**{¶ 15}** "The Court ordered an additional sanction in Case No. 2009 CRB 006408, regarding property located at 12315 Ashbury. The Ashbury property is one in a series of connected row houses in serious disrepair. Defendant owns one, but not all, of the houses. The City was in the process, as Defendant was aware, of completing condemnations or securing permission to raze the row of houses, due to their condition. * * * Then, aware of the demolition plan, defendant sold the property in a package with others, setting back the City's attempt to abate this nuisance through demolition, and ensuring that a health and safety hazard remains in the community for an extended period of time, while the new owner is located, and, if necessary, cited.

**{¶ 16}** "Defendant acknowledges that it has sold at least sixty of its Cleveland properties since the imposition of probation, not to individual owner occupants, but to out of state business entities, in the form of bulk sales. The sale of the properties did not violate the express terms of the probation order.

{¶ 17} "The probation order required defendant to submit property photographs and lists to the Court, beginning December 2009. Defendant immediately sought additional time to submit photographs and lists, then followed that request with the submission of incomplete and mislabeled photographs. While defendant was maintaining to the Court that the requirement that it view and photograph its properties was 'unduly burdensome,' it was, at the same time, constructing deals to sell its Cleveland properties to other bulk property dealers. There is nothing in the record to indicate that defendant attempted to verify that these purchasers would become beneficial owners. There is no indication as of yet that they have. Defendant now represents to the Court that it owns two Cleveland properties.

{¶ 18} "Defendant has not submitted to the Court any evidence that it has made repairs to any Cleveland property it owns."

{¶ 19} In crafting GIW's sentence, the trial court set forth a long history of noncompliance with Cleveland's building and housing codes and the terms and conditions of probation. GIW admitted to violating probation. The trial court found that the probation violations illustrated a defiance to remedy building and housing code violations, including such public hazards as a refrigerator with its doors attached abandoned in the yard of one of the properties. The trial court noted the safety hazard this constituted to children in the neighborhood and found that GIW had done nothing to

remedy the various code violations, but instead, attempted to delay the proceedings.

{¶ 20} One of the primary goals in cases involving building and housing code violations is correction of the violations to bring the property into compliance with the codes. *Lakewood v. Krebs*, 150 Ohio Misc.2d 1, 2008-Ohio-7083, 901 N.E.2d 885, ¶19. The fact that GIW sold the Ashbury property when it knew it was to be razed further illustrates GIW's contempt for the purpose of the Cleveland housing code, and the frustration of that purpose is a proper consideration for the trial court under R.C. 2929.22(B)(1)(c).

{¶ 21} More importantly, GIW admittedly failed to remedy any code violations and at various times violated almost every term of its probation. The court ordered a portion of the suspended fines into execution for these reasons. The trial court did not abuse its discretion in so ordering. GIW's assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR