THE STATE OF OHIO, APPELLANT, *v.* BORGES, APPELLEE.

(No. 9-158—Decided June 13, 1983.)

Mr. John E. Shoop, prosecuting attorney, Mr. Gregory C. Sasse and Mr. William J. Brown, attorney general, for appellant.

Mr. Joel I. Newman, for appellee.

Cook, P.J. Gerson Borges, appellee herein, is the owner of a fishing boat called the "Mary Bee" and holds an Ohio license for commercial gill net fishing from said boat. Appellee, in addition to being the licensee of the boat, had a lease arrangement with the captain of the boat, Antonio Silveria, whereby appellee received a percentage of the catch. On September 29, 1980, the "Mary Bee" was boarded by officers for the Ohio Division of Wildlife who found a quantity of undersized white bass on the boat. Appellee, who was in Florida at the time, was charged with a violation of R.C. 1533.63.

Appellee filed a motion to dismiss the charge and his motion was granted for the reason that, under Ohio commercial fishing law, criminal responsibility cannot be imposed upon the commercial fishing licensee for the acts of those individuals fishing under the license.

The state of Ohio, appellant herein, has appealed the judgment of the trial court and has filed the following assignment of error:

"The trial court erroneously granted defendant's motion to dismiss holding as a matter of law that a commercial fishing licensee is not responsible for criminal violations occurring under the license."

The assigned error is well-taken.

R.C. 1533.63, in pertinent part, provides:

"No person shall take, buy, sell, barter, give away, deliver, ship, transport, or *possess* any package, container, or quantity with more than ten per cent by weight of undersized fish or any other species either round or filleted mentioned in this section or division order.* * *" (Emphasis added.)

The term "possession" is defined in R.C. 1531.01(H) as follows:

" 'Possession' means both actual and constructive possession and any control of things referred to."

"Constructive possession" is defined in Black's Law Dictionary (1968 Rev. 4 Ed.), at page 1325, as:

"Possession not actual but assumed to exist, where one claims to hold by virtue of some title, without having the actual occupancy * * *."

The legislature, in enacting the pertinent section of R.C. 1533.63, clearly intended the term "possess" to be broadly construed and not limited to actual possession.

In the instant cause, appellee owned the "Mary Bee" and held a fishing license for the boat. By contract, he owned a percentage of the catch. Therefore, he had sufficient control and "title" of the fish in question so as to be found to be in constructive possession of said fish.

The legislature, in enacting laws in furtherance of the public health, safety and welfare, may impose strict liability for certain conduct, excluding from the statutory language elements of scienter or guilty knowledge. *United States* v.

160

*Balint* (1922), 258 U.S. 250. Ohio's wildlife laws are recognized as having been enacted pursuant to the state's police powers. *State* v. *Saurman* (1980), 64 Ohio St. 2d 137 [18 O.O.3d 367]. R.C. 1533.63 is such a law imposing strict liability and excluding scienter and knowledge.

Thus, we conclude scienter or guilty knowledge was not required of appellee. The fact he had the requisite possession and control was sufficient to make him subject to the prohibition contained in R.C. 1533.63.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

DAHLING and FORD, JJ., concur.