[Cite as *N. Olmstead v. Rock*, 2018-Ohio-1084.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105566

## CITY OF NORTH OLMSTED

PLAINTIFF-APPELLEE

vs.

## KIM M. ROCK

DEFENDANT-APPELLANT

**JUDGMENT:**
CONVICTIONS AFFIRMED,
SENTENCE REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Rocky River Municipal Court
Case No. 2016 CRB 2047

**BEFORE:** Blackmon, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 22, 2018

**ATTORNEY FOR APPELLANT**

Wendy S. Rosett
16781 Chagrin Boulevard, Suite 304
Shaker Heights, Ohio 44120


**ATTORNEYS FOR APPELLEE**

Michael R. Gareau, Jr.
Director of Law

Bryan P. O'Malley
Assistant Director of Law
City of North Olmsted
5200 Dover Center Road
North Olmsted, Ohio 44070


PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant, Kim M. Rock ("Rock"), appeals from the judgment of the Rocky River Municipal Court finding her guilty of failing to maintain her property in accordance with the requirements of the city's property maintenance code, and failing to comply with a notice to remove trash and debris from her property. She assigns the following errors for our review:

> I. [Rock's] convictions on both counts were based upon insufficient evidence and were otherwise against the sufficiency and/or manifest weight of the evidence and not beyond a reasonable doubt contrary to Ohio law and the State and Federal Constitutions, particularly given the lack of argument, evidence or finding as to the mandatory mens rea.

> II. The trial court erred to the prejudice of [Rock] by sentencing her to 60 days in jail, l0 days to be served, 4 years of probation, improper conditions, and fines in violation of Ohio law and [Rock's] right to due process of law, and her right against imposition of excessive sentences set forth in the Eighth and Fourteenth

Amendments to the U.S. Constitution and Section 16, Article I of the Ohio Constitution.

{¶2} Having reviewed the arguments of the parties and the pertinent law, we affirm the convictions, reverse the sentence in part, and remand for resentencing. The apposite facts follow.

{¶3} In August 2016, Rock was charged with two violations of failing to maintain her property in accordance with the North Olmsted Building Code by failing to remove trash and debris, and failing to comply with notice of code violations, in violation of North Olmsted Code Sections 1363.105, 1363.302.1, and 1363.302.2.

{¶4} Rock pled not guilty and the matter proceeded to a bench trial on March 1, 2017. The city's evidence demonstrated that in early May 2016, North Olmsted Building Inspector James McGaughey ("Inspector McGaughey") visited Rock's property, located on Mackenzie Road, and observed violations for a rusted trailer, accumulated trash and debris, and discarded materials. One week later, he returned to the property and took photographs depicting ongoing violations. On May 11, 2016, Inspector McGaughey spoke with Rock to further explain the violations. The following month, he again visited the property and spoke with her about the violations.

{¶5} On June 13, 2016, Inspector McGaughey noted and photographed the ongoing violations. He issued Rock a Notice of Code Violations identifying that the trailer remained in the yard, and there was accumulated trash, debris, and discarded materials. The notice apprised Rock that she was to take corrective action by June 22, 2016, or she would face penalties identified in North Olmsted Code Section 1363, unless she administratively appealed.

**{¶6}** When Inspector McGaughey returned to Rock's property on June 23, 2016, he noted continuing noncompliance. He photographed rubbish and various other items, including rusted metal, an aquarium, tarps, shelving, and wood. He sent Rock a second notice of Code Violations explaining that there was accumulated trash, debris, and discarded materials. The notice apprised Rock that she was to take corrective action by July 11, 2016.

**{¶7}** Inspector McGaughey returned to the property on July 14, 2016, and met with Rock. According to McGaughey, the trailer was removed but rubbish and discarded materials violations needed to be removed, including various totes, discarded items and other clutter, including an aquarium, shelving, wood, and rubbish. He then gave her until July 26, 2017, to comply. On that date, he noted some improvement that "was still not sufficient."

**{¶8}** McGaughey admitted that Rock had questions about the violations, and he stated that he met with her on the property and pointed out each item that had to be removed.

**{¶9}** For her defense, Rock testified that she did not receive information concerning an appeal from the violations notice until after she was criminally cited. She further testified that she did understand the violation notices and did not understand the specifics of why she was cited. She explained that the items were in her yard as part of various furniture refinishing, home repair, gardening, and other seasonal projects. Rock stated that in response to her repeated inquiries seeking clarification, Inspector McGaughey either ignored her or referred her to the building code.

**{¶10}** At the conclusion of the trial, the court found as follows:

1. The North Olmsted Building Department gave defendant notice on or about 5/02/16 alleging [specific] violations of North Olmsted Building Codes [and giving] defendant until 5/09/16 to abate the violation.

2. Defendant asked for and received more time to abate the violations.

* * *

4.  In a Notice of Code Violation dated 6/13/16 (Plaintiff's Exhibit 1), defendant was advised specifically as to items that had to be removed, including both the trash and debris and the discarded materials.

5.  That notice (Plaintiff's Exhibit 1) gave defendant until 6/22/16 to correct the violations [and advised of appeal procedures].

* * *

7.  No appeal was filed per the detailed instructions [on the notice].

* * *

9.  Photos from [McGaughey's June 23, 2016] visit show that "discarded" items remained unabated and trash and debris remained around the garage and house including (visible from the photographs taken on 6/23/16) an aquarium container, a white appliance, gray plastic storage containers, a metal shipping cart, tarps, totes, metal shelving, some kind of brown cabinet on its side and unused pots.

10.  Based upon the condition of the property documented by the 6/23/16 photographs, Mr. McGaughey issued the Second and Final Notice of Code Violation of 6/30/16.   [This] indicated the trailer stored in the front was removed so that violation was "abated" but defendant was notified the accumulation of trash and debris remained and the "discarded" materials remained a problem.

11. Defendant was given until 7/11/16 to abate these conditions and was given notice that failure to do so would result in the city pursuing a legal remedy under the city code.

12. [McGaughey noted that] there was some progress made but "much more remains."

13.  Photos dated 7/26/16 provide proof that discarded materials / trash remained on the premises including the aquarium, a rusted metal storage device, the brown plastic storage units, some tarps.
* * *

The court finds discarded items and trash clearly visible in photos taken 7/06/16 * * *, including but not limited to rusted metal shelving, the abandoned and empty aquarium, tarps, the gray plastic storage containers (these were *clearly* trash and discarded materials) and defendant clearly violated the North Olmsted Building Code by not removing them.

(Emphasis sic.)

{¶11} The court found Rock guilty of both charges. The court sentenced Rock to 60 days in jail with all but ten days suspended, $650 in fines, and four years of community control sanctions. The court explained that the lengthy community control was to give Rock sufficient time to pay all of her fines and clear her yard. The court set forth numerous conditions of community control, including compliance with all recommendations of the North Olmsted Building Department, enter and complete all treatment recommendations, "abstain from alcohol and drugs of abuse * * * random screenings," and take all prescribed medications.

**Sufficiency of the Evidence**

{¶12} Within her first assigned error, Rock argues that her convictions are not supported by sufficient evidence. She argues that no mens rea was identified in the charges, and that the city failed to prove that she acted recklessly, the requisite mental state when no scienter element is stated. In opposition, the city argues that the offenses are strict liability offenses and that sufficient evidence supports the convictions.

{¶13} The question of whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. It is "an inquiry about due process, * * * the resolution of which does not allow the court to weigh the evidence." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54,

2004-Ohio-6235, 818 N.E.2d 229, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492

(1991), paragraph two of the syllabus.

{¶14} The essential elements of the charges filed against Rock are set forth in North

Olmsted Code Sections 1363.105, 1363.302.1, and 1363.302.2. North Olmsted Code Section

1363.105 provides in relevant part, as follows:

> It shall be unlawful for a person, firm or corporation to be in conflict with or in violation of any of the provisions of this code, including, the failure of any person, firm or corporation to *comply with any order issued by the Building Commissioner* pursuant to this code requiring any act to be undertaken.
>
> * * *
>
> Upon conviction of such other violation(s), the owner and/or occupier shall be fined not more than one thousand dollars ($1,000) or imprisoned for not more than 180 days, or both. Each day such violation continues shall be deemed a separate offense. Any other person who commits, participates in or assists in the continuation of such violation may each be found guilty of a separate offense and suffer the penalties provided herein. (Emphasis added.)

{¶15} North Olmsted Code Section 1363.302.1 states as follows:

All exterior property and premises shall be maintained in a clean, safe and sanitary condition free from any accumulation of rubbish or garbage. * * *.

{¶16} North Olmsted Code Section 1363.302.2 states as follows:

All exterior property and premises shall be maintained free of discarded materials. Commercial property owners shall provide adequate trash receptacles for customer use to maintain the premises free of trash and rubbish. Repeated failures to maintain the premises free of discarded materials may result in the City requiring the provisions of or addition of trash receptacles.

{¶17} North Olmsted Code Section 1363.111 sets forth the procedure for an

administrative appeal of notices issued by the building commissioner.

{¶18} Beginning with the issue of mens rea, we note that Rock never objected to the

complaints filed against her, so she has waived all but plain error. *Mayfield Hts. v. Barry*, 8th

Dist. Cuyahoga No. 95771, 2011-Ohio-2665, ¶ 7 ("*Barry 2011*"), citing *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, paragraph three of the syllabus. Under this standard, reversal is warranted only when the outcome of the trial would have been different without the error. *Id.*, citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. Further, in a bench trial, the trial judge is presumed to know the applicable law and apply it accordingly. *State v. Waters*, 8th Dist. Cuyahoga No. 87431, 2006-Ohio-4895, ¶ 11, citing *State v. Eley*, 77 Ohio St.3d 174, 180-181, 672 N.E.2d 640 (1996).

{¶19} In *Mayfield Hts. v. Barry,* 8th Dist. Cuyahoga No. 82129, 2003-Ohio-4065 (*"Barry 2003"*), this court noted that "'the legislature, in enacting laws in furtherance of the public health, safety and welfare, may impose strict liability for certain conduct, excluding from the statutory language elements of scienter or guilty knowledge.'" *Id.* at ¶ 43, quoting *State v. Borges*, 10 Ohio App.3d 158, 159-160, 460 N.E.2d 1147 (11th Dist.1983).

{¶20} Additionally, it "is well-established that when a statute reads, 'No person shall * * *,' absent any reference to the requisite culpable mental state, the statute is clearly indicative of a legislative intent to impose strict liability." *Barry 2003*, quoting *State v. Cheraso*, 43 Ohio App.3d 221, 223, 540 N.E.2d 326 (11th Dist.1988). In *Barry 2003*, the ordinance at issue stated, "[t]he owner * * * of any * * * residential or commercial property * * * shall properly maintain landscaping[.]" The ordinance also designated noncompliance a minor misdemeanor, and set forth the penalty. This court concluded that the ordinance was a strict liability offense, and explained:

> The ordinance provides that "[t]he owner * * * of any * * * residential or commercial property * * * shall properly maintain landscaping * * *." We conclude that this language is analogous to "no person shall" in that it conveys to a city resident what the owner, occupant or person having the charge or management of a property must do to comply with the ordinance. Upon further

reading, a city resident is notified that "whoever violates or fails to comply with any of the provisions of this chapter is guilty of a minor misdemeanor and shall be fined * * *."    Therefore, despite the fact that the exact words "no person shall" is not at the beginning of the ordinance, we find that the ordinance plainly indicates an intent to impose strict liability[.]

*Id.* at ¶ 43. *Accord Brecksville v. Marchetti,* 8th Dist. Cuyahoga Nos. 67719 and 67722, 1995 Ohio App. LEXIS 5164 (Nov. 22, 1995) (ordinance that prohibited building without a permit and set forth misdemeanor penalties was a strict liability offense).  *See also Carlisle v. Martz Concrete Co.*, 12th Dist. Warren No. CA2006-06-067, 2007-Ohio-4362, ¶ 18.

{¶21}   In this matter, North Olmsted Code Section1363.105 provides that "[i]t shall be unlawful for a person, firm or corporation to be in conflict with or in violation of any of the provisions of this code, including the failure of any person, firm or corporation to comply with any order issued by the Building Commissioner pursuant to this code requiring any act to be undertaken."   North Olmsted Code Section 1363.105 also sets forth penalties for the violations.  North Olmsted Code Section 1363.302.1 also provides that "[a]ll exterior property and premises shall be maintained in a clean, safe and sanitary condition free from any accumulation of rubbish or garbage."   Similarly, North Olmsted Code Section 1363.302.2 states that "[a]ll exterior property and premises shall be maintained free of discarded materials[.]" Therefore, we conclude that by providing that "[i]t shall be unlawful * * * to be in violation of any of the provisions of this code * * * [or to fail] to comply with any order issued by the Building Commissioner," and by identifying such noncompliance as a misdemeanor offense, the enforcement scheme plainly indicates a purpose to impose strict liability.   *Barry 2003*; *Marchetti*.

{¶22}   Further, the city's evidence demonstrated that in May 2016, the city issued a notice to Rock informing her that she had to remove a trailer and accumulated rubbish and discarded items from her yard. Rock removed the trailer but numerous other items remained in

the yard. On June 13, 2016, city issued an additional notice to Rock informing her that she was required to remove rubbish and discarded items from the property by June 22, 2016, but she did not do so. On June 30, 2016, the city gave her until July 11, 2016, but during various follow-up inspections, extensive rubbish and various items remained strewn about the property. Photographs admitted into evidence depict the extensive rubbish and other items in the yard. Moreover, numerous items remained in the yard by the time of sentencing.

{¶23} In light of all of the foregoing, the convictions are supported by sufficient evidence. Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded, beyond a reasonable doubt, that Rock failed to maintain her property in a clean, sanitary, and safe condition, failed to maintain her property in accordance with the requirements of the city's maintenance code, and failed to comply with any orders issued by the Building Commissioner, or appeal the notices as set forth in the code.

{¶24} This portion of the assigned error is without merit.

### Manifest Weight of the Evidence

{¶25} Rock next asserts, within her first assigned error, that her convictions are against the manifest weight of the evidence.

{¶26} In examining a challenge to the manifest weight of the evidence supporting a conviction, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶27} In this matter, the testimony and exhibits demonstrate that after telling Rock in May 2016 that she had to remove discarded items from the property, the city subsequently issued an additional notice to her on June 13, 2016, giving her additional days to clear the yard, but she did not do so. On June 30, 2016, the city issued a follow-up notice giving her more days to comply. Both notices apprised her that she was to take corrective action, or she would face consequences identified in North Olmsted Code Part 1363, unless she commenced an appeal. During various follow-up inspections after the city's deadline, extensive rubbish and various items remained strewn about the property, as demonstrated in the city's photos. Although Rock insisted that she did not understand the violation, and was in the midst of gardening and refinishing projects, the trial court determined that she was not credible, and that the trash and other items remained on the property in violation of the city's notices. Based upon our review of the record, the trial court did not lose its way in resolving conflicts in this case and the convictions are not against the manifest weight of the evidence. Therefore, this portion of the first assigned error is without merit.

{¶28} The first assigned error is without merit.

### Sentence

{¶29} In her second assigned error, Rock argues that the trial court erred in imposing sentence in this matter. She complains that the fine is excessive, the entire sentence is excessive and violates her right to due process, and some of the terms of community control are improper.

{¶30} Under North Olmsted Code Section 1363.105,

Upon conviction of such other violation(s), the owner and/or occupier shall be fined not more than one thousand dollars ($1,000) or imprisoned for not more than 180 days, or both.

**{¶31}** In light of the penalty set forth in North Olmsted Code 1363.105.4, building code violations are first-degree misdemeanors, and not minor misdemeanors.   R.C. 2901.02.

**{¶32}** Misdemeanor sentencing is governed by R.C. 2929.21 through 2929.28, and courts have discretion to determine appropriate sentences for misdemeanor convictions within the statutory limits.   *Cleveland v. Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga Nos. 103235, 103236, 103532, and 103533, 2016-Ohio-4559, ¶ 11, citing *Cleveland v. Peoples*, 8th Dist. Cuyahoga No. 100955, 2015-Ohio-674.     Therefore,

> Unless a specific sanction is required to be imposed or is precluded from being imposed * * *, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.23 to 2929.28 of the Revised Code.

R.C. 2929.22.   Pursuant to R.C. 2929.24, the sentence may include a jail term of up to 180 days.   Pursuant to R.C. 2929.28, the court may impose a fine of up to $1,000.   R.C. 2929.25(A)(1)(a) permits a court to sentence an individual to a combination of   jail time and community control sanctions.   For a building code violation, other than a minor misdemeanor, the penalties set out by statute or ordinance include fines and, depending upon the nature of the charge, a jail sentence, and the court may suspend some or all of either sanction and place the defendant on community control supervision/probation for a maximum of five years.   *Lakewood v. Krebs*, 150 Ohio Misc.2d 1, 2008-Ohio-7083, 901 N.E.2d 885, ¶ 14 (M.C.), citing *Cleveland v. Fogos*, 103 Ohio App.3d 39, 47, 658 N.E.2d 789 (8th Dist.1995); *Lakewood v. Ryan*, 8th Dist. Cuyahoga No. 94770, 2010-Ohio-5370, ¶ 14; R.C. 2929.25.   A judge may impose additional conditions

aimed at preserving the interest of justice, protection of the community, and the rehabilitation of the offender. *Krebs* at ¶ 15. Further, the court is presumed to have considered the purposes set forth in R.C. 2929.21, the appropriate method of achieving those purposes under R.C. 2929.22, any jail term under R.C. 2929.24, and community control under R.C. 2929.25.

{¶33} Here, the trial court imposed $650 in fines, 60 days in jail with all but ten days suspended, and four years of community control sanctions. This is within the permissible range of sanctions listed in R.C. 2929.23 to 2929.28. Further, the sentence imposed was not the maximum that Rock could have received. It was not excessively severe, not "grossly disproportionate" to the offenses, and, therefore, not cruel and unusual as prohibited under Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution. *See State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 1999-Ohio-113, 715 N.E.2d 167; *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

{¶34} However, as to the specific requirements ordered as part of the community control, we note that community control conditions must not be overbroad and must reasonably relate to the goals of community control: "rehabilitation, administering justice, and ensuring good behavior." *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 7, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. In determining whether community control sanctions are reasonably related to such goals, courts must consider the following:

> "'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Talty* at ¶ 12, quoting *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990) * * *. All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. Additionally, the conditions "'cannot be overly

> broad so as to unnecessarily impinge upon the [offender's] liberty.'" *Talty* at ¶ 13, quoting *Jones* at 52.

*Id.* at ¶ 8.

**{¶35}** Applying those considerations, the *Mahon* court held that the court abused its discretion in imposing community control conditions of house arrest and alcohol prohibition because the record "contains no mention whatsoever of drugs or alcohol having been involved in the incident for which Mahon was convicted. *Accord Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394.

**{¶36}** Likewise, in this matter, the record does not demonstrate a nexus between the offenses and drug or alcohol use, because there is no mention of drug or alcohol involvement in the commission of the offenses. This term of community control has no reasonable relationship to the rehabilitation of the offender or future criminality, and there is nothing in the record to indicate that it serves the statutory ends of probation. Therefore, the court abused its discretion in including this as a term of its community control sanctions. However, insofar as Rock maintains that the trial court also ordered her to get a job and ordered her to sell her home, these claims are not supported by our record.

**{¶37}** The second assigned error is well taken in part.

**{¶38}** Convictions are affirmed, the sentence is reversed in part and the matter is remanded for resentencing.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR