[Cite as *State v. Johnston*, 2025-Ohio-1061.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND, :

    Plaintiff-Appellee, :

                         No. 114044

    v. :

DAVID JOHNSTON, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 27, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2021-CRB-006157

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law; Michael T. Mahoney, Assistant Director of Law, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman and John T. Martin, Assistant Public Defenders, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant, David Johnston ("Johnston"), appeals the community-control sanctions ordered by the Cleveland Municipal Court, Housing

Division. The subject order requires Johnston to permit interior inspections of the two properties he owns in the City of Cleveland ("Cleveland") as an additional sanction for his violation of the terms of his community control. Johnston presents this court with two assignments of error:

I.      The trial court erred when it amended the conditions of community control sanctions to include mandatory inspection of Mr. Johnston's home, which is not the locus of the offense conduct; and

II.     The trial court erred when it amended the conditions of community control sanctions to include mandatory inspection of the interior of the property that is the locus of the offense conduct when there was no evidence that the offense conduct involved any interior housing code violations.

{¶ 2} Based upon the facts of this case, we find the additional conditions requiring interior inspections is not reasonably related to the goals of community control and is overbroad. Therefore, we reverse the trial court's order as it relates to these conditions.

## I. Procedural History and Substantive Facts

{¶ 3} Johnston is in his late 70s with a limited income. Johnston owns two parcels of real estate in Cleveland located at 1721 Denison Avenue and 3853 W. 18th Street. The property located at 1721 Denison Avenue is a corner lot and a vacant commercial property. The property located at 3853 W. 18th Street is a single-family home located directly behind 1721 Denison Avenue and Johnston's personal residence.

{¶ 4} On August 18, 2020, the Cleveland Department of Building and Housing's Division of Code Enforcement issued a notice of violation directed to Johnston for the 1721 Denison property. Johnston was cited for violating Cleveland Cod.Ord. 3101.10(E) [1] — Maintenance of Exterior Property Areas — and ordered to remove all improperly stored car parts, rubbish, debris, and garbage, including any unlicensed or inoperable motor vehicles, from the exterior yard areas by September 17, 2020. Johnston failed to comply with the notice of violation, and on July 31, 2021, the appellee, Cleveland, filed a criminal complaint against him in the Housing Division of the Cleveland Municipal Court. The complaint charged Johnston with 110 counts of failure to comply (Cleveland Cod.Ord. 203.03), each count a misdemeanor in the first degree.

{¶ 5} On July 20, 2022, after multiple delays by both Johnston and the housing court, Johnston appeared before the court for a pretrial hearing. At this hearing, Johnston withdrew his original not guilty plea and entered a plea of no contest to 50 counts for his failure to comply. In turn, the housing court nolled the remaining 60 counts. As a result of his plea, Johnston was found guilty by the housing court and faced the possibility of 18 months in jail, a $50,000 fine, five years

---

[1] Cleveland Cod.Ord. 3101.10(e) provides: "Maintenance of Exterior Property Areas. Exterior property areas of all premises shall be kept free of any object, wrecked, dismantled, inoperative, discarded, unused or unlicensed motor vehicles, except where permitted under Zoning Code ordinances."

of community control, and court costs. Sentencing, however, was continued so a presentence investigation could be conducted.

{¶ 6} On September 12, 2022, Johnston was sentenced to two years of community control and court costs. The housing court stayed the $50,000 fine and 18 months of jail time provided that Johnston complied with the terms of his community control. The conditions of community control ordered by the housing court and relevant to this appeal included Johnston's compliance with Cleveland Housing Court Loc.R. 2.18 and its Appendix, which specifically required Johnston to keep all properties owned by him and located within Cleveland in good repair, clean of debris, secure from entry, free of graffiti, and in compliance with all city and state codes.

{¶ 7} More specifically, Johnston was ordered to permit exterior inspections of both his 1721 Denison Avenue and 3853 W. 18th Avenue properties, make necessary repairs to both properties, and remove all junk, debris, and non-operable vehicles from the properties. Johnston was further ordered to keep both properties clean and free of all junk, trash, and debris, including all plywood, scrap metal, and materials.

{¶ 8} From September 2022 to April 2024, Johnston made slow and inconsistent progress in complying with the terms of his community control. Johnston was before the housing court ten times during this period and was repeatedly warned that his continued failure to make significant progress in complying with the terms of community control, namely his failure to repair and

clean up both of his properties, would result in jail time, fines, or more restrictive terms of community-control sanctions. He was also ordered to complete 100 hours of community service as an additional sanction for his failure to comply during this time. Johnston did, however, substantially or fully comply with several conditions of his community control, including, but not limited to, purchasing a cell phone, completing several applications to entities that could provide him with assistance, submitting financial documents necessary for the completion of paperwork, registering some of his motor vehicles, and performing 50 plus hours of community service.

{¶ 9} During this period, Johnston's ability to fully comply with the terms of community control was hampered by his age, his limited financial means, and, in part, an injury he suffered to his shoulder that required surgery. The housing court was mindful of these circumstances and continued to allow him more time to comply and, specifically, to clean up his properties. Additionally, during this time, the housing court as well as Cleveland made brief speculation to potential hoarding by Johnston, but there is no evidence in the record that reflects the existence of interior violations at the properties. However, by April 2024, the 1721 Denison Avenue property remained in violation of Cleveland Cod.Ord. 3101.10(E) and Johnston had also failed to clean up the exterior areas of 3853 W. 18th Street. Evidence in the record suggested that the exterior conditions had become worse, i.e., there were

more car parts, tires, junk, debris, and trash on the properties, and inoperable or unregistered vehicles remained as well.

{¶ 10} Thus, based upon Johnston's continued noncompliance with his conditions of community control, the housing court held a community-control-status hearing on April 29, 2024, that resulted in, among other things, an order requiring an interior inspection of the premises at both 1721 Denison Avenue and 3853 W. 18th Street. All violations in this case arose from exterior conditions. Further, the record contains no evidence suggesting any violation regarding the condition of the interior premises. In ordering the interior inspections, the housing court only expressed a "need to know what's going on overall with both these properties." This appeal followed.

## II. Law and Analysis

{¶ 11} Johnston's appeal presents the court with the following issue: whether the housing court's order requiring an interior inspection of either property as an amendment to his community control is reasonably related to the goals of community control and is not overbroad.[2]

### General Principles of Community Control

{¶ 12} We review a trial court's imposition of community-control sanctions for an abuse of discretion. *Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775,

---

[2] To the extent Johnston's appeal implicates any constitutional issues, the court declines to consider these issues because they were not adequately preserved at the trial court nor presented in compliance with App.R. 16(A)(7). Further, at oral argument, counsel for Johnston conceded he was not pursuing the constitutionality of the community-control sanctions in this appeal.

¶ 12 (8th Dist.).  An abuse of discretion occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Cleveland v. Sopjack,* 2024-Ohio-6018, ¶ 30 (8th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.  "Notwithstanding this broad discretion, the trial court's discretion 'is not limitless.'" *Pentagon Realty* at ¶ 12, quoting *State v. White*, 2015-Ohio-3844, ¶ 5, citing *Talty,* 2004-Ohio-4888, at ¶ 11.

{¶ 13} Generally, the overriding purposes of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A).  However, in the context of building or housing code violation cases, "the primary goal of the court is to correct the violation and bring the property into compliance with all building codes, rather than punish the defendant for misconduct."  *Pentagon Realty* at ¶ 9, quoting *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, ¶ 19 (8th Dist.), citing *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3047, ¶ 20 (8th Dist.).  To achieve this goal, trial courts have broad discretion in fashioning a sentence to determine the most effective way to bring about compliance.  *Schornstein Holdings, L.L.C.* at ¶ 19.

{¶ 14} Unless a specific sanction is either required or precluded by law, a trial court may impose upon a misdemeanor offender any sanction or combination of sanctions under R.C. 2929.24 to 2929.28.  *Sopjack,* 2024-Ohio-6018 (8th Dist.), at ¶ 31.  "For a building code violation, other than for a minor misdemeanor, the penalties set forth by statute or ordinance may include fines, jail time and community-control sanctions for a maximum of five years."  *Pentagon Realty* at

¶ 10, citing *N. Olmsted v. Rock*, 2018-Ohio-1084, ¶ 32 (8th Dist.). "A court may impose additional community-control conditions so long as those conditions are 'not * * *overbroad and [are] reasonably relate[d] to the goals of community control: "rehabilitations, administering justice, and ensuring good behavior."'" *Id.* at ¶ 13, quoting *State v. Mahon*, 2018-Ohio-295, ¶ 7 (8th Dist.), quoting *Talty* at ¶ 11.

> Where the trial court determines a defendant has violated community-control sanctions, the court may impose one or more of the following penalties:
>
> > (1) A longer time under the same community-control sanction so long as the total time does not exceed five years;
> >
> > (2) A more restrictive community control sanction; and/or
> >
> > (3) A combination of community control sanctions including jail time.

*Sopjack* at ¶ 35, citing *Cleveland vs. Southwest Invs., L.L.C.,* 2024-Ohio-1271, ¶ 22 (8th Dist.).

{¶ 15} The Ohio Supreme Court in *Jones,* 49 Ohio St.3d 51 (1990), formulated a three-prong test to determine whether the trial court abused its discretion in issuing a community-control sanction. All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Id.,* citing *Solon v. Broderick*, 2018-Ohio-4900, ¶ 8 (8th Dist.). According to *Jones*, this court must determine if the housing court's order requiring interior inspections of Johnston's property "'(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably

related to future criminality and serves the statutory ends of community control.'" *Pentagon Realty,* 2019-Ohio-3775 (8th Dist.), at ¶ 13, quoting *Jones.* If any of these prongs are not met, this court must find that the housing court abused its discretion and reverse the order requiring interior inspections as a condition of community control.

**C. Analysis**

{¶ 16} Because both of Johnston's assignments of error contend that an interior inspection of either of his properties is not reasonably related to the goals of community control and is overbroad because, in part, there is no evidence of any interior violations, we will address them together. After full review of the record below, this court agrees with Johnston and finds that the order for interior inspections of both of his properties as additional community-control sanctions is not reasonably related to the goals of community control and overbroad.

{¶ 17} It is well settled that the primary goal of community-control sanctions within the context of the building and housing codes is to correct the violations and bring the property into compliance with all building codes, rather than punish the defendant for misconduct. With this in mind and coupled with the lack of evidence in the record demonstrating any violation or suspected violation, this court finds that the housing court's order requiring interior inspections of either

property to not be reasonably related to the goals of community control and overbroad.

{¶ 18} Cleveland relies upon *Cleveland v. Grunt,* 2018-Ohio-4109, ¶ 2 (8th Dist.), to confirm the housing court's authority to order interior inspections of Johnston's properties. In *Grunt*, this court upheld a lower court's order requiring an interior inspection of a vacant commercial property as part of the defendant's community control. Specifically, this court determined that an interior inspection of Grunt's property as a condition of community-control sanctions was reasonably related to the goals of community control. *Id.* at ¶ 16. In stark contrast to the instant matter, the record in *Grunt* set forth ample evidence regarding the suspected condition of the interior of the property. Specifically, *Grunt* involved building code violations that called into question the "structural integrity" of the premises. *Id.* at ¶ 9. These building code violations included window and screen replacement, roof material replacement, siding repairs, and conditions of the downspouts. *Id.* Additionally, the property had been vacant for eight years, the utilities had been shut off for years, and the only heat came from space heaters. *Id.* at ¶ 20. Photographs of the interior revealed "multiple places where the curtains are pushing up against the windows from the inside" as well as concerns of a possible "hoarding" situation. *Id.* at ¶ 14. On this set of facts, this court finds the holding in *Grunt* is easily distinguishable from the present matter.

{¶ 19} The record below clearly demonstrates persistent exterior issues relating to these properties and nothing more. There are no violations regarding the

interior conditions of the properties. There is nothing in the record regarding the interior conditions of either property — one of which is Johnston's occupied personal residence. The housing court's mere suspicion that there may be hoarding is insufficient. *See also Sopjack,* 2024-Ohio-6018, at ¶ 49 (8th Dist.). (Court reversed an interior inspection, in part, where the lower court articulated justification for ordering it was based on mere "suspicion" and interest in "protecting your health and your well-being.").

{¶ 20} Therefore, without more evidence in the record, the order requiring interior inspections appears to be an impermissible attempt by the housing court to punish Johnston for his failure to clean up the exterior of his property. *See Sopjack* at ¶ 58-64, and *Southwest Invs., LLC*, 2024-Ohio-1271, at ¶ 31-49 (E.T. Gallagher, J., concurring) (both addressing this court's growing concern with the putative nature of the community-control conditions being issued by the housing court). Therefore, the housing court's order requiring interior inspections of Johnston's properties is not reasonably related to the goals of community control and is overbroad.

### D. Conclusion

{¶ 21} For these reasons, the judgment below is reversed and remanded with instructions for the trial court to remove the additional condition of community control requiring interior inspections of the properties located at 1721 Denison Avenue and 3853 W. 18th Street consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR