[Cite as *Cleveland v. Sopjack*, 2025-Ohio-4952.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114807 |
| v. | : | |
| ROBIN SOPJACK, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 30, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2021-CRB-004646

---

*Appearances:*

Mark Griffin, Cleveland Director of Law, and Yaa B. Bediako, Assistant Director of Law, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Robin Sopjack ("Sopjack") appeals from the trial court's January 17, 2025 judgment entry expanding the conditions of her community control. For the following reasons, we vacate the trial court's additional

community-control sanctions related to uncited property for being overbroad and an abuse of discretion. Because no other aspect of the sentence or conviction was challenged in this appeal, they remain in effect.

**Factual and Procedural History**

{¶ 2} This is the second appeal arising from the Cleveland Municipal Court, Housing Division's, imposition of community-control sanctions against Sopjack. The underlying controversy began in December 2019, when a Cleveland housing inspector inspected a vacant residential property located on East 61st Street in Cleveland, Ohio ("the subject property") owned by Sopjack. In January 2020, the inspector issued a notice of violation of numerous Cleveland Codified Ordinances and gave a repair deadline of February 23, 2020. On May 10, 2021, a complaint was filed against Sopjack alleging three counts of failure to comply with an order of the building department under Cleveland Cod.Ord. 3103.25(e), which states:

> No person shall fail to comply with any stop work order issued under the provisions of this Building Code; nor refuse, neglect or fail to comply with a notice to repair, rehabilitate or demolish a building or other structure declared to be unsafe under the provisions of this Building Code; nor maintain a use or occupancy prohibited by this Building Code; nor refuse, neglect or fail to maintain stair enclosures, stairways, fire escapes, exit passageways or other required means of egress in a safe and usable condition as required by OBC or this Building Code.

The counts all related to the subject property.

{¶ 3} On September 20, 2023, Sopjack pleaded no contest. On November 2, 2023, the court sentenced Sopjack to two years of community-control sanctions and advised that failure to comply would result in a maximum sentence of 18 months

in jail and a $3,000 fine. The court's sentencing order referred to both the subject property and Sopjack's personal residence ("the uncited property") and stated, in relevant part:

> Defendant is verbally ordered not to sell, gift, or transfer the two (2) properties it owns within the City of Cleveland while on community control without the approval of the Court, which also applies to all other business entities and limited liability companies owned by the Defendant.
>
> . . .
>
> 7. Defendant is ordered to clean all of the properties owned within the City of Cleveland and keep them free from all junk, debris, and dumping, specifically the cited property located at . . . E. 61st Street . . .
>
> 8. Defendant is ordered to cut all grass and remove any shrubbery or overgrowth of shrubbery from any of the properties owned within the City of Cleveland.

{¶ 4} On January 31, 2024, the court held a status hearing. At this hearing, the housing court specialist told the court that a general external cleanup was required for the subject property and that an external inspection of the uncited property revealed a need for repair. The court issued an order following this status hearing in which it ordered Sopjack to allow a city housing inspector "to do an interior and exterior inspection of [the uncited property]."

{¶ 5} Sopjack appealed this order, arguing that the trial court erred when it amended the conditions of her community control to include a mandatory inspection of the uncited property. On December 26, 2024, this court agreed with Sopjack and reversed the trial court's order to inspect the interior of the uncited

property.  *Cleveland v. Sopjack*, 2024-Ohio-6018 (8th Dist.) ("*Sopjack I*").[1]  The

*Sopjack I* opinion did not explicitly address the ordered exterior inspection of the

uncited property.

{¶ 6}  On January 14, 2025, the court held a "community control violation

status hearing."  At this hearing, the court and the parties discussed at length this

court's decision in *Sopjack I*.  At one point, the court stated:

> It was very obvious from the [uncited] property that she — Ms. Sopjack
> could have gotten written up for about three violation notices from the
> exterior inspection from Inspector Shockley.  That's not the court's
> goal.  But we come over here, and the Eighth District pretty much tell
> [sic] us that should be the court's goal.  So it's a catch-22.  All right.  So
> that I don't have these issues anymore, when we do an inspection of all
> the jurisdictions — all the property that's under the court's jurisdiction,
> we're going to have them, moving forward, just issue a violation notice
> when they see violations.  That's what the court is going to ask them to
> do.  And why wouldn't the prosecutor ask them to do that either?
>
> So again, you go over and they're giving directions.  I read it to say that
> either a violation notice could be issued or she could be found in
> violation of community control.  Well, she is found in violation of
> community control.

(Tr. 10-11.)

{¶ 7}  The housing specialist testified at this hearing and described visiting

and viewing the uncited property, in relevant part, as follows:

> Then I went to Ms. Sopjack's residential property at 5908 Hosmer
> Avenue.  The exterior is still deteriorating as far as the gutters, the front
> porch.  There's still boxes stacked up in the back — on the back porch.
> And then as I was walking to my car, there was a neighbor who stopped
> me, asked if she could speak to me because she's reporting that there
> are vermin coming into her household from Ms. Sopjack's household.

[1] In *Sopjack I*, Sopjack also argued that the trial court erred when it amended her community-control sanctions to include mandatory financial disclosures; this court found this argument barred by res judicata, and it is likewise not relevant to the instant appeal.

And she stated that her gutters are leaking and causing water damage on her side of the front porch, and she notified me that her landlord had put in a complaint with the City.

(Tr. 24.) The housing specialist then stated that the housing inspector never conducted a formal exterior inspection of the uncited property because of the stay ordered in *Sopjack I*.

{¶ 8} Later in this hearing, the court informed Sopjack:

And also, you're being ordered to allow an inspector from the Department of Building & Housing and/or Department of Health to inspect the property, your residential property . . . . That inspection should take place no later than January the 22nd. You can be there, you should be there, so that they can tell you what is going on with your property. Your residential property.

(Tr. 48.)

{¶ 9} Defense counsel objected to the "exterior inspection amended order" described above. In response, the city stated:

With respect to the objection, the city would note that the description of the property and the description of the situation that was captured in the previous appeal has tangibly changed. There's been a community complaint. There's been some filing with the — there's been notices of issues with the community that have been noted by the housing court specialist. The conditions of the property have continued to deteriorate, so they're tangibly worse than they were upon review of the record at that point in time.

And then, finally, there — with respect to an objection to an exterior inspection, I don't know if there is — I don't see how an inspector could not be allowed to inspect an exterior of a property. That is their job. They cannot avoid seeing what is in the community for them to see out in the open.

(Tr. 56-57.)

{¶ 10} While the court did not explain how Sopjack violated her community-control sanctions, the court stated:

> We're not about to go through how this [subject property] got into the state that it got into. All I know is it's 2025 and this is the first time this property has been completely cleaned from the exterior. And that was through the help of volunteers. So what I am going to order is that you allow an exterior inspection of your residential property.
>
> And for the record, there is a violation of community control. And there was a finding of guilt of violation on September 5th of 2024.[2]

(Tr. 37.)

{¶ 11} In a corresponding journal entry, the court amended the terms of Sopjack's community-control sanctions. Specifically, the court ordered Sopjack to allow a housing inspector to inspect the uncited property as described above.

{¶ 12} Sopjack appealed. She now raises one assignment of error for our review:

> The inspection of Sopjack's uncited residence was an improperly excessive condition of community control.

**Law and Analysis**

{¶ 13} In Sopjack's sole assignment of error, she argues that the trial court's order allowing the exterior inspection of her uncited residential property was an improperly excessive condition of community control and constituted an abuse of discretion.

---

2 Both the "violation" of community control and the finding of guilt referred to by the trial court related to the subject property.

{¶ 14} We review a trial court's imposition of community-control sanctions for an abuse of discretion. *Cleveland v. Johnston*, 2025-Ohio-1061, ¶ 12 (8th Dist.), citing *Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775, ¶ 12 (8th Dist.). An abuse of discretion occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Id.*, citing *Sopjack I* at ¶ 30, citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 15} The primary goal of the court in the context of building or housing code violation cases "is to correct the violation and bring the property into compliance with all building codes, rather than punish the defendant for misconduct." *Id.* at ¶ 13, citing *Pentagon Realty* at ¶ 9. "'For a building code violation, other than for a minor misdemeanor, the penalties set forth by statute or ordinance may include fines, jail time, and community-control sanctions for a maximum of five years.'" *Sopjack I* at ¶ 31, quoting *Pentagon Realty* at ¶ 10, citing *N. Olmsted v. Rock*, 2018-Ohio-1084, ¶ 32 (8th Dist.); R.C. 2929.25(A)(1). Further, while a trial court imposing community-control sanctions has the authority to impose additional conditions aimed at "'preserving the interest of justice, protection of the community, and the rehabilitation of the offender,'" such additional conditions "'must not be overbroad and must reasonably relate to the goals of community control.'" *Id.* at ¶ 32.

{¶ 16} The Ohio Supreme Court formulated a three-prong test to determine whether the trial court abused its discretion in issuing a community-control sanction. *State v. Jones*, 49 Ohio St.3d 51 (1990). All three prongs of the *Jones* test

must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Sopjack I* at ¶ 33, citing *Pentagon Realty* at ¶ 13, citing *Solon v. Broderick*, 2018-Ohio-4900, ¶ 8 (8th Dist.). Pursuant to *Jones*, the court must decide "'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of [community control].'" *Sopjack I* at ¶ 33, quoting *Pentagon Realty* at ¶ 13, quoting *Jones* at 53.

{¶ 17} In *Sopjack I*, although the community-control sanctions at issue concerned the exterior and interior inspections of the uncited property, this court limited its holding to interior inspections. Using the *Jones* test, this court found that community-control sanctions ordering an interior inspection of the uncited property were not reasonably related to rehabilitating Sopjack, nor to the crime of which Sopjack was convicted, nor to future criminality, and therefore the sanction was overbroad and constituted an abuse of discretion. *Sopjack I* at ¶ 57.

{¶ 18} This court further echoed previous opinions and stated that it had "'significant concerns with the pattern employed in the housing court, including its use and implementation of overly punitive conditions of community control sanctions.'" *Id.* at ¶ 58, quoting *Cleveland v. Southwest Invests. LLC*, 2024-Ohio-1271, ¶ 35 (8th Dist.). This court went on to note that

> [s]pecifically, the inclusion of other properties owned by the defendant may be supported by the local rule, but the restrictions imposed against other properties of the defendant are not rehabilitative and serve to preemptively circumvent the procedure and policies in place in the

building and housing department for ensuring compliance with the applicable statutes and ordinances. If another property owned by [the defendant] was in violation of a local building or housing code, the city was entitled to issue a citation and afford due process.

(Citations omitted.) *Id.* at ¶ 60.

{¶ 19} Sopjack argues that the reasoning applied in *Sopjack I* remains applicable in the instant case; she makes no independent argument as to why any different reasoning would apply to an exterior inspection rather than an interior inspection. In response, the city argues that the housing specialist's site visits[3] revealed that there is exterior deterioration, and neighbors have reported vermin coming from the uncited property, thus creating probable cause for an exterior inspection of the uncited property.[4] According to the city, these problems at the uncited property are closely connected to Sopjack's ability to comply with her community control as to the subject property. The city further argues that the holding in *Sopjack I* was explicitly limited to interior inspections.

{¶ 20} The city is correct that *Sopjack I*'s holding was narrowly crafted to relate to interior inspections of the uncited property. However, the analysis and reasoning employed in *Sopjack I* remain entirely applicable to the instant appeal.

{¶ 21} We agree with Sopjack that the reasoning in *Sopjack I* supports the conclusion that the trial court's community-control sanctions relating to the uncited

---

[3] We note that, although the city differentiates between a "site visit" conducted by a housing specialist and a formal "inspection" conducted by the housing inspector, it does not delineate any difference between the two procedures beyond the individual who conducts them.

[4] Most of the conditions cited by the city as creating probable cause to conduct an exterior inspection of the uncited property were at issue prior to *Sopjack I*.

residential property are overbroad and constitute an abuse of discretion. While *Sopjack I* did not extend its holding to exterior inspections of the uncited property, we find that the reasoning used in that decision renders the trial court's order that Sopjack "schedule and allow" an exterior inspection of the uncited property an abuse of discretion. The exterior inspection of Sopjack's uncited property is not reasonably related to her rehabilitation and has no relationship to the crime of which Sopjack was convicted.

{¶ 22} For clarity's sake, nothing in this opinion should be construed as opining on the propriety or legality of conducting an exterior inspection of Sopjack's uncited property. This opinion is strictly concerned with the appropriateness of ordering such an inspection *as a condition of Sopjack's community-control sanctions related to violations at another property*. If, as the city asserts, there is evidence of code violations at Sopjack's uncited property, and complaints have been made to the city's building and health departments, the city is within its rights to inspect that property and file a complaint. This opinion merely stands for the proposition that community-control sanctions are not meant to be employed to circumvent the policies and procedures in place for addressing building and housing violations.

{¶ 23} For these reasons, we find that the trial court's additional and clarified community-control sanctions related to the uncited property are overbroad and an abuse of discretion. Sopjack's sole assignment of error is sustained. The

relevant community-control sanctions are vacated.  Because no other aspect of the sentence or conviction was challenged in this appeal, they remain in effect.

{¶ 24} Judgment vacated, and the case is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)